In the Matter of the Compensation of
Cleo F. Perry, Claimant.

**PERRY,**
*Petitioner,*

*v.*

**SAIF CORPORATION et al,**
*Respondents.*

(WCB 85-07195; CA A44205)

763 P2d 736

Leo R. Probst, Portland, argued the cause for petitioner. With him on the brief was Leo R. Probst & Associates, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's decision upholding SAIF's denial of his aggravation claim.

Claimant injured his back on the job in November, 1979. The first determination order respecting the injury was May 14, 1980. After several subsequent reopenings, the claim was finally closed on July 2, 1984, by a stipulated award of 30 percent permanent partial disability.[1] The parties also agreed, as part of the written stipulation, that claimant was not permanently and totally disabled at that time.

In April, 1985, he was admitted to the hospital for treatment of his low back. His right to file an aggravation claim for the 1979 injury would expire May 14, 1985, and to establish an aggravation, he would have to show a worsening subsequent to the last arrangement of compensation on July 2, 1984. He consistently has refused surgery. On that occasion, he was put in traction, which relieved the pain, and spent about six days in the hospital. He filed a claim for aggravation on May 6, 1985, eight days before his aggravation rights expired. SAIF denied the claim.

■ SAIF argues that claimant has not proved a worsening of his back condition before the expiration of his aggravation rights. Claimant counters that the statutory limitation is for the filing of a claim for aggravation and that he must prove only that a worsening occurred before the hearing. In essence, he contends that he could file a timely claim for aggravation and then establish it by showing that his condition worsened *after* the claim was filed and *after* his rights to aggravation have expired. We disagree. A claim for aggravation is essentially a notification to the employer or carrier that a compensable condition has become worse. Under claimant's theory, he could file a precautionary aggravation claim just before expiration of the limitation period simply to preserve a claim which did not then exist. If his condition worsened later, he would have preserved a timely request for compensation.

---

[1] Claimant had already received permanent partial disability awards for other compensable injuries. The cumulative total of all of the awards was in excess of 100 percent of the degrees allowed by ORS 656.214.

There has to be a worsening before expiration of the aggravation rights.

■ The referee found that claimant had experienced episodes of pain since the last arrangement of compensation but that his underlying *condition* had not worsened before May 14, 1985. We agree. His treating physician indicates that, although he had flare-ups of pain requiring treatment, his condition did not change until late 1985, after the aggravation period had expired.

■ After this case was submitted, the Supreme Court decided *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987). There the court said:

> "Compensation is not payable under the Workers' Compensation Law for symptoms alone, but to the extent that symptoms, such as pain, dizziness, nervousness, etc., cause loss of function of the body or its parts and, in the case of unscheduled disability, resulting loss of earning capacity, the disabling effects of the symptoms are to be considered in fixing awards for disability." 304 Or at 352.

In a situation where there is a waxing and waning of symptoms of a compensable condition which may have been contemplated in the last award of compensation, the court devised a bright line to determine when the resulting incapacity becomes an aggravation under ORS 656.273:

> "If the worker, as a result of worsening of the worker's condition from the original injury, becomes totally disabled for more than 14 consecutive days or becomes an inpatient at a hospital for treatment of that condition, the worker is at least entitled to compensation for temporary total disability." 304 Or at 353.

The worker may also be entitled to some degree of permanent disability to be fixed after becoming medically stationary.

■ Claimant received inpatient hospital treatment for his back condition before expiration of his aggravation rights. The referee and the Board upheld the denial on the basis that there was no worsening of his underlying *condition.* That analysis is no longer controlling in a case of this sort.

■ Reversed and remanded to the Board for acceptance of the claim.