Argued and submitted April 5, the decision of the Court of Appeals reversed and remanded to Court of Appeals for further determination April 18, 1989

In the Matter of the Compensation of
Cleo F. Perry, Claimant.
PERRY,
*Respondent on Review,*

*v.*

SAIF CORPORATION et al,
*Petitioners on Review.*

(WCB 85-07195; CA A44205; SC S35811)

772 P2d 418

Christine Chute, Assistant Attorney General, Salem, argued the cause for petitioners on review. On the petition were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem.

Leo R. Probst, Portland, argued the cause for respondent on review.

PER CURIAM

## PER CURIAM

Claimant filed a claim alleging an aggravation under ORS 656.273(1), which provides:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

The issue in dispute is whether claimant has established "worsened conditions" within the aggravation period simply because he was hospitalized for treatment of the underlying condition. The referee, as the factfinder, found no worsening. The Workers' Compensation Board on *de novo* review found no worsening.

The Court of Appeals agreed with the finding of the Workers' Compensation Board and the referee that there had been no worsening as a matter of fact, but in reliance on *Gwynn v. SAIF,* 304 Or 345, 353, 745 P2d 775 (1987), decided that an "aggravation under ORS 676.273" had occurred. *Perry v. SAIF,* 93 Or App 631, 634, 763 P2d 736 (1988). The court erred in so applying *Gwynn v. SAIF.*

The Court of Appeals wrote:

"The referee found that claimant had experienced episodes of pain since the last arrangement of compensation but that his underlying *condition* had not worsened before May 14, 1985. We agree. His treating physician indicates that, although he had flare-ups of pain requiring treatment, his condition did not change until late 1985, after the aggravation period had expired.

"After this case was submitted, the Supreme Court decided *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987). There the court said:

" 'Compensation is not payable under the Workers' Compensation Law for symptoms alone, but to the extent that symptoms such as pain, dizziness, nervousness, etc., cause loss of function of the body or its parts and, in the case of unscheduled disability, resulting loss of earning capacity, the disabling effects of the symptoms are to be considered in fixing awards for disability.' 304 Or at 352.

"In a situation where there is a waxing and waning of symptoms of a compensable condition which may have been contemplated in the last award of compensation, the court

devised a bright line to determine when the resulting incapacity becomes an aggravation under ORS 656.273:

" 'If the worker, as a result of worsening of the worker's condition from the original injury, becomes totally disabled for more than 14 consecutive days *or becomes an inpatient at a hospital for treatment of that condition,* the worker is at least entitled to compensation for temporary total disability.' 304 Or at 353.

"The worker may also be entitled to some degree of permanent disability to be fixed after becoming medically stationary.

"Claimant received inpatient hospital treatment for his back condition before expiration of his aggravation rights. The referee and the Board upheld the denial on the basis that there was no worsening of his underlying *condition.* That analysis is no longer controlling in a case of this sort.

"Reversed and remanded to the Board for acceptance of the claim." 93 Or App at 634 (multi-word emphasis added).

In so holding, the Court of Appeals misapplied the *Gwynn* decision. The Court of Appeals read the above-quoted words "or becomes an inpatient at a hospital for treatment of that condition" to state an alternative test of aggravation independent of any worsening of the worker's "underlying condition." These words expressly referred to an alternative to total disability "as a result of worsening of the worker's condition from the original injury." As applied to this case, the *Gwynn* tests are whether the symptoms such as pain have caused loss of function of the body and resulted in loss of earning capacity. The mere fact that a claimant is hospitalized does not always signify a worsening. Worsening is a factual question.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals to determine if claimant's condition had worsened within the definition set forth in *Gwynn v. SAIF, supra.*