On petitioner's petition for reconsideration filed February 15 and respondent's motion for clarification filed January 25, motion for clarification allowed; petition for reconsideration allowed; former opinion (94 Or App 746, 767 P2d 112) adhered to as clarified May 24, 1989

In the Matter of the Compensation of
Jose Ybarra, Claimant.

YBARRA,
*Petitioner,*

*v.*

CASTLE & COOKE, INC.,
*Respondent.*

(WCB 86-08841; CA A47325)

774 P2d 503

Linda C. Love and Francesconi & Associates, P.C., Portland, for petition.

Patric J. Doherty and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland, for motion.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Respondent has filed a motion for clarification and claimant has filed a petition for review of our opinion in this case, 94 Or App 746, 767 P2d 112 (1989), in which we affirmed the Board's decision reversing the referee and denying an aggravation claim and payment for chiropractic care. We allow the motion and the petition, and adhere to our former opinion as clarified.

■     In our opinion, we stated:

"Claimant contends that he has experienced an aggravation as a matter of law under the rule announced in *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987), that a worker who is hospitalized or who returns to work after an award and then experiences total disability of 14 days or more has established an aggravation as a matter of law. In this case, claimant did not return to work after his original injury. We conclude, therefore, that the rule in *Gwynn* does not apply."

We agree with claimant that our statement of the holding in *Gwynn* was not precisely correct. Since our opinion in this case, the Supreme Court has decided *Perry v. SAIF,* 307 Or 654, 772 P2d 418 (1989), clarifying its opinion in *Gwynn.* As we understand *Gwynn* now, after *Perry,* in order to establish an aggravation, the claimant must prove an actual worsening of the compensable condition. If the last award contemplated a future worsening, including future periods of temporary total disability, a claimant is not entitled to additional compensation for the expected worsening, unless the period of temporary total disability exceeds 14 days. There is no indication that the Supreme Court intended to limit its holding in *Gwynn* to claimants who experience a worsening *after having returned to work.* To the extent that our quoted statement suggested that to be the case, it was wrong.[1]

■     Claimant contends that he has been totally disabled for at least 11 months. The medical evidence concerning his condition is in conflict. Dr. Anderson, claimant's treating chiropractor, first examined him in 1985, after the filing of this aggravation claim. In his opinion, claimant has experienced a "natural aggravation" and has been totally disabled for at

---

[1] We also erred in saying that *Gwynn* provides that a worsening occurs as a matter of law if a claimant is totally disabled *for 14 days or more.*

least 11 months. Dr. Rosenbaum, a neurosurgeon, examined claimant in 1982, before the last award of compensation, and in 1986. He concluded that claimant's condition has not changed since the last award. Claimant testified that he is worse but admitted that his symptoms have been constant and unchanged since the last award of compensation. He has not worked since then.

The Board accepted Rosenbaum's opinion and concluded that claimant's condition has not worsened since the last award of compensation. That decision is supported by substantial evidence in the record. Claimant is not entitled to compensation for an aggravation under the rule announced in *Gwynn v. SAIF, supra.* Furthermore, we conclude that the Board's decision that further chiropractic treatments are not reasonable and necessary is supported by substantial evidence.

Motion for clarification allowed; petition for reconsideration allowed; former opinion adhered to as clarified.