Submitted on remand May 31, affirmed October 25, 1989

In the Matter of the Compensation of
Cleo F. Perry, Claimant.
**PERRY,**
*Petitioner,*

*v.*

**SAIF CORPORATION et al,**
*Respondents.*

(WCB 85-07195; CA A44205)

781 P2d 372

Leo R. Probst, Portland, argued the cause for petitioner. With him on the brief was Leo R. Probst & Associates, Portland.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor

General, and Darrell E. Bewley, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This case is on remand from the Supreme Court. The only issue is whether claimant suffered a worsening of his compensable injury under the standard established in *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987). On *de novo* review, we conclude that he has not.[1] We therefore affirm the Workers' Compensation Board order that affirmed the referee's decision upholding SAIF's denial of his aggravation claim.

We quote the facts from our previous opinion:

"Claimant injured his back on the job in November, 1979. The first determination order respecting the injury was May 14, 1980. After several subsequent reopenings, the claim was finally closed on July 2, 1984, by a stipulated award of 30 percent permanent partial disability. The parties also agreed, as part of the written stipulation, that claimant was not permanently and totally disabled at that time.

"In April, 1985, he was admitted to the hospital for treatment of his low back. His right to file an aggravation claim for the 1979 injury would expire May 14, 1985, and to establish an aggravation, he would have to show a worsening subsequent to the last arrangement of compensation on July 2, 1984. He consistently has refused surgery. On that occasion, he was put in traction, which relieved the pain, and spent about six days in the hospital. He filed a claim for aggravation on May 6, 1985, eight days before his aggravation rights expired. SAIF denied the claim." 93 Or App 631, 633, 763 P2d 736 (1988). (Footnote omitted).

The referee found that claimant had experienced episodes of pain since his last arrangement of compensation, but not a worsening of his underlying compensable condition. The referee, therefore, upheld the denial, and the Board affirmed. On appeal, we reversed and ordered acceptance of the claim. Although we agreed that claimant's underlying condition had not worsened, we concluded that, under *Gwynn v. SAIF, supra,* claimant had experienced a worsening, because inpatient hospital treatment was required for his compensable

---

[1] Claimant filed his petition for review before July 20, 1987; therefore, our scope of review is *de novo. Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

injury. 93 Or App at 634. The Supreme Court reversed and remanded,[2] explaining that

> "the Court of Appeals misapplied the *Gwynn* decision. The Court of Appeals read the above-quoted words 'or becomes an inpatient at a hospital for treatment of that condition' to state an alternative test of aggravation independent of any worsening of the worker's 'underlying condition.' These words expressly referred to an alternative to total disability 'as a result of worsening of the worker's condition from the original injury.' " *Perry v. SAIF,* 307 Or 654, 657, 772 P2d 418 (1989).

■■    Generally, an aggravation claim arises when a compensable injury worsens. ORS 656.273. In remanding, the Supreme Court established that the appropriate test to determine whether a worsening occurred in this case is

> "whether the symptoms such as pain have caused loss of function of the body and resulted in loss of earning capacity." 307 Or at 657.

The referee found that claimant had experienced increased episodes of pain since his last arrangement of compensation. We agree. Claimant's treating physician indicated that he suffered flair-ups of pain requiring treatment. However, claimant testified that those episodes were short in duration and that he went to the hospital only for traction. Nothing in the record suggests that claimant's increased symptoms caused any loss of function of his body that resulted in loss of earning capacity.

Affirmed.

---

[2] In our original opinion, we concluded that an aggravation claim requires that there have been a worsening before expiration of a claimant's aggravation rights. 93 Or App at 633. That conclusion was not reviewed by the Supreme Court.