Argued and submitted November 25, 1992, affirmed August 25, 1993

In the Matter of the Compensation of
Mary E. Shores, Claimant.

Mary E. SHORES,
*Petitioner,*

*v.*

RUSS' DAY-N-NITE
and Liberty Northwest Insurance Corporation,
*Respondents.*

(90-06677; CA A74857)

858 P2d 175

Darrell E. Bewley, Salem, argued the cause for petitioner. With him on the brief was Richard F. McGinty, Salem.

Alexander Libmann, Portland, argued the cause for respondents. On the brief was James D. McVittie, Appellate Counsel, Liberty Northwest Insurance Corp., Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order that reinstated insurer's denial of her aggravation claim for a back condition. She assigns error to the Board's application of ORS 656.266 to an aggravation claim.

We do not accept claimant's construction of the order. The Board said:

"In order to establish a compensable aggravation, claimant must prove a worsened condition resulting from the industrial injury. ORS 656.273(1); *Perry v. SAIF*, 307 Or 654[, 772 P2d 418] (1989).

"In the present case, there is no real dispute over the worsening element of claimant's aggravation claim. * * *

"Claimant's burden regarding compensability is not carried by simply disproving other possible causal explanations. ORS 656.266. Here, considering the number of potential causal factors, particularly previous back injuries and other work exposures, the causation issue is a complex medical question. Thus, resolution of this issue requires expert medical evidence. (Citations omitted.)"

The Board found, on the basis of substantial medical evidence, that

"it is as likely as not that claimant's recently discovered disc herniation is related to a cause other than her 1989 strain injury. Therefore, claimant has not carried her burden of proof."

We are satisfied that the Board correctly addressed whether claimant proved that her worsened condition resulted from her original injury. ORS 656.273(1).[1] Although ORS 656.266[2] applies only to proving the compensability of

---

[1] ORS 656.273(1) provides, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings."

[2] ORS 656.266 provides:

"The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom

injury or occupational disease claims, we do not construe the Board's citation to that statute and its accompanying comment to modify claimant's burden under ORS 656.273(1). We find no error. ORS 183.482(8); ORS 656.298(6).

Affirmed.

---

is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred."