Argued and submitted June 21, reversed and remanded with instructions
October 25, 1995

In the Matter of the Compensation of
Thomas R. Yon, Jr., Claimant.
LIBERTY NORTHWEST INSURANCE CORPORATION
and Sturdi-Craft, Inc.,
*Petitioners,*

*v.*

Thomas R. YON, Jr.,
*Respondent.*

(94-01229; CA A86186)

904 P2d 645

David O. Wilson argued the cause and filed the briefs for petitioners.

James L. Edmunson argued the cause for respondent. With him on the brief was Christine Jensen.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

This is a medical services dispute in which employer seeks review of a Workers' Compensation Board order affirming the referee's finding that surgical treatment for claimant's accepted right-hand injury is compensable. Employer argues that the director of the Department of Consumer and Business Services now has exclusive jurisdiction to review proposed medical treatment. We conclude that the Board lacked jurisdiction.

In deciding that it had authority to consider this medical services dispute, the Board relied on our opinion in *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993), *rev den* 320 Or 453 (1994). In *Meyers*, we held that the relevant statutory provisions give the injured worker a choice in a medical services dispute whether to seek review by the director pursuant to ORS 656.327, or to seek a hearing with the Board. Before oral argument in this court, the legislature amended ORS 656.245, ORS 656.327 and ORS 656.704 regarding jurisdiction over medical services disputes. Or Laws 1995, ch 332, §§ 25, 41 and 50. The 1995 amendments became effective on June 7, 1995. Or Laws 1995, ch 332, § 69. Subsection 6 was added to ORS 656.245 and provides that:

> "(6)  If a claim for medical services is disapproved for any reason other than the formal denial of the compensability of the underlying claim and this disapproval is disputed, the injured worker, the insurer or self-insured employer shall request review by the director [of the Department of Consumer and Business Services] pursuant to this section, ORS 656.260 or 656.327. The decision of the director is subject to the contested case review provisions of ORS 183.310 to 183.550." 1995 Or Laws, ch 332, § 25.

The amendments to ORS 656.327 eliminated the language that in *Meyers* we had interpreted as giving an injured worker a choice about whether the director would review a medical services dispute. As amended, ORS 656.327 now specifies that:

> "(1)(a)  If an injured worker, an insurer or self-insured employer or the Director of the Department of Consumer and Business Services believes that the medical treatment, not subject to ORS 656.260, that the injured worker has received, is receiving, will receive or is proposed to receive is

excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services, the injured worker, insurer or self-insured employer *shall request review of the treatment by the director* and so notify the parties." 1995 Or Laws, ch 332, § 41. (Emphasis supplied.)

For purposes of determining the respective authority of the director and the Board to conduct hearings or other proceedings, ORS 656.704 was amended to state that the phrase "matters concerning a claim"

"*do[es] not include* any disputes arising under ORS 656.245, 656.248, 656.260, 656.327, any other provisions directly relating to *the provision of medical services to workers* or any disputes arising under ORS 656.340 except as those provisions may otherwise provide." 1995 Or Laws, ch 332, § 50. (Emphasis supplied.)

With certain exceptions not relevant here, the amendments are intended to apply retroactively to "all claims * * * existing * * * on or after the effective date of this Act * * *." Or Laws 1995, ch 332, § 66. In *Volk v. America West Airlines*, 135 Or App 565, 572-73, 899 P2d 746 (1995), we held that·

"the legislature's intent in subsection (5)(a) of section 66 was to make the new law applicable to matters for which the time to appeal the Board's decision had not expired, or, if appealed, had not been finally resolved by the courts."

In *Newell v. SAIF*, 136 Or App 280, 903 P2d 417 (1995), and *SAIF v. Bowen*, 136 Or App 222, 901 P2d 925 (1995), we held that, by virtue of the amendments, the Board lacked jurisdiction to consider the appropriateness of *proposed* medical treatment. The parties have provided us with supplemental briefs on the effects of the amendments. We write to address contentions that were not raised by or considered in *Newell* and *Bowen*.

Claimant contends that the amendments deny him "due process of state law under the Fourteenth Amendment to the United States Constitution." He makes no specific argument about how due process has been violated, but argues that we

"should not uphold *any* application of substantive statutory amendments that limit or diminish a party's *ability* to obtain a remedy under the terms of law that existed when a claim for

statutory benefits was brought, heard and decided below."
(Emphasis claimant's.)

Employer responds that there is no constitutional impedi-
ment preventing the legislature from applying its laws retro-
actively. *Whipple v. Howser*, 291 Or 475, 632 P2d 782 (1981).

On the facts of this case, we agree with employer.
The Supreme Court has already rejected an argument similar
to claimant's. In *State ex rel Huntington v. Sulmonetti*, 276
Or 967, 557 P2d 641 (1976), a mandamus proceeding, the
claimant's first claim for compensation was denied because it
had not been timely filed under the statute then in existence.
Five years later, the claimant filed the identical claim. Before
it was adjudicated, the legislature amended the statute to
extend the filing period and make it retroactive, so that the
claimant's second claim would have been timely. The
employer argued that retroactive application of the amend-
ments should be barred on the ground of *res judicata* and
because they violated substantive due process and the separa-
tion of powers provision of Article III, section 1, of the Oregon
Constitution. The court disagreed, on the ground that
workers' compensation claims "are part of an exclusively
legislative plan." *Id.* at 972. It observed:

> "If the legislature wants to provide for the refiling or retrial
> of claims previously created and litigated in accordance with
> legislative direction because it feels that the claimants did
> not have a fair opportunity to do so under prior law, it is the
> legislature's business * * *." *Id.*

The court's rationale in *Huntington* is all the more persuasive
here, because there is no issue of *res judicata*. The amend-
ments to ORS 656.245, ORS 656.327 and ORS 656.704 do not
deprive claimant of any rights that had vested by virtue of a
final determination in his case. The amendments have elimi-
nated claimant's choice to have his medical services dispute
resolved by the Board, but they do not deny him of an
opportunity to have his claim for medical services reviewed. If
claimant is dissatisfied with the director's determination
about surgical treatment for his right-hand injury, he may
request a contested case hearing and may seek review of that
order in the Court of Appeals. ORS 656.327(2).

Reversed and remanded with instructions to vacate
referee's order and dismiss request for hearing.