Argued and submitted March 5, resubmitted In Banc December 11, reversed and
remanded for reconsideration December 24, 1996, petition for review allowed
May 20, 1997 (325 Or 367)
See later issue Oregon Reports

In the Matter of the Compensation of
Roland A. Walker, Claimant.

## SAIF CORPORATION,
*Petitioner,*

*and*

## GOLD CREEK CENTER, INC.,
*Employer,*

*v.*

Roland A. WALKER,
*Respondent.*

(WCB No. 93-07081; CA A89100)

930 P2d 230

Julene M. Quinn, Special Assistant Attorney General, argued the cause for petitioner. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Wollheim argued the cause for respondent. With him on the brief were W. Todd Westmoreland, and Welch, Brunn, Green & Wollheim.

DEITS, J.

Armstrong, J., dissenting.

**DEITS, J.**

Employer seeks review of an order of the Workers' Compensation Board allowing claimant's aggravation claim. We reverse and remand for reconsideration.

Claimant was injured in 1991 while working as a timber feller for employer. At that time, he injured his low back and left hip and leg. Dr. Buza diagnosed an L5-S1 disc herniation. The claim for this injury was accepted by employer. Claimant's condition was declared medically stationary on May 26, 1992. The closing report by Buza, the treating physician, describes the injury as moderate, but states that loss of function was minimal. It is also stated in the report that claimant continued to experience some low back pain and occasional pain in his left leg. Claimant was released to regular work on June 1, 1992. His work required lifting up to 100 pounds. A notice of closure was issued, and claimant was awarded 12 percent unscheduled permanent disability. Claimant requested reconsideration of the notice of closure. A medical arbiter's examination was conducted by Dr. Burr on February 1, 1993. He found that claimant had a chronic and permanent medical condition arising from the accepted condition.

On February 3, 1993, claimant experienced severe back and left leg pain while on the job. Claimant left work and again sought treatment with Buza, who noted that claimant's symptoms had significantly increased since his medically stationary date. Buza diagnosed "musculoligamentous strain, sclerotomal pain." The diagnosis was supported by reduced range of motion findings. In response to claimant's request for reconsideration, an order was issued on February 12, 1993, which increased claimant's award of unscheduled disability to 16 percent and affirmed the medically stationary date of May 26, 1992.

Claimant saw Buza again on March 9, 16 and 29. At Buza's request, claimant underwent a physical capacities examination. He was assessed as capable of light to medium work with lifting and carrying up to 35 pounds. Claimant then filed an aggravation claim, which employer denied. Claimant requested a hearing on employer's denial of the

aggravation claim. The administrative law judge (ALJ) set aside the denial, concluding:

> "Claimant is entitled to additional compensation for *worsened conditions* resulting from the original injury. To establish a compensable worsening of his unscheduled condition, *claimant must show that increased symptoms or worsening of the underlying condition resulted in diminished earning capacity.* Further, the medical worsening must be established by medical evidence supported by objective findings. Finally, because claimant received a disability award prior to his worsening, he bears the additional burden of establishing that the worsening is more than waxing and waning of symptoms of a condition contemplated by the previous permanent disability award. ORS 656.273.

> "* * * * *

> "The medical and lay evidence establishes that claimant has *increased symptoms* that exceed the symptoms he experienced at the time of claim closure. At the time of closure claimant's symptoms were episodic. In February 1993 these symptoms dramatically changed. Dr. Buza described the increased symptoms as severe and disabling. Comparison of the May 26, 1992 closing report with the Dr. Buza's February 1993 report * * * indicates that the increased symptoms reflect more than a mere waxing and waning of symptoms. * * * Therefore, I find claimant has carried his burden of proof and established a compensable aggravation claim pursuant to ORS 656.273." (Emphasis supplied.)

The Board adopted the ALJ's order.

Employer first argues on review that a remand of the Board's decision is required by the 1995 amendments to the Workers' Compensation Law. Or Laws 1995, ch 332, § 31. Specifically, employer contends that under the amended version of ORS 656.273, in order to prove an aggravation claim, a worker must show an "actual worsening" of the accepted condition. Employer asserts that, unlike the standard under the previous version of the statute, a worker may no longer prove an aggravation claim by showing a worsening of symptoms alone. Employer argues that because the Board decided this case on the basis of a symptomatic worsening, it must be

remanded to the Board for reconsideration under the amended version of ORS 656.273.

Claimant argues that it is not necessary to remand this case to the Board. He contends that remand is not necessary to interpret the amended language of the statute, because the Board has already done so in another case. Further, he asserts that a remand is unnecessary because under the Board's interpretation of the new language, the standard of proof used by the Board was the proper one.

We agree with claimant that the Board previously has considered the meaning of the amended statutory language and that, accordingly, it is not necessary to remand this case to the Board for the purpose of addressing that question in the first instance. *See Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996). Therefore, we will consider whether the standard for proving an aggravation under the amended version of ORS 656.273 that the Board has applied in this case is correct.[1]

The pertinent language of ORS 656.273(1) now provides:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence *of an actual worsening of the compensable condition supported* by objective findings."[2] (Emphasis supplied.)

The emphasized language was added to the statute by the 1995 amendments. Under the words of the statute before it was amended, a worker could prove an aggravation by showing worsened symptoms *without* showing a worsening of the

---

[1] No one disputes that the amended version of the statute is applicable here. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

[2] *Former* ORS 656.273(1) provided:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings."

underlying condition. *Perry v. SAIF*, 307 Or 654, 772 P2d 418, *aff'd on remand* 99 Or App 52 (1989); *Gwynn v. SAIF*, 304 Or 345, 353, 745 P2d 775 (1987). The question presented here is what did the legislature intend by its addition of the words "of an actual worsening of the compensable condition" to the statute?

The Board directly addressed this question in *Carmen C. Neill*, 47 Van Natta 2371 (1995). The Board concluded that the additional language, particularly when considered in the context of related statutes, in particular ORS 656.214(7), is ambiguous. The Board then looked to legislative history and concluded that, under the amended statute, an aggravation still may be proven by showing a symptomatic worsening. As the Board explained:

> "Based on the * * * legislative history, we reach the following conclusions with regard to what constitutes an 'actual worsening' under *amended* ORS 656.273(1). A pathological worsening of the underlying condition is sufficient to establish an actual worsening. In addition, a symptomatic worsening of the condition, that is greater than anticipated by the prior award of permanent disability, is also sufficient to establish an actual worsening." *Carmen C. Neill*, 47 Van Natta 2371, 2377 (1995). *See also Thomas P. Harris*, 48 Van Natta 985 (1996); *Terry L. Starnes*, 48 Van Natta 1002 (1996).

■■ Our task in interpreting a statute is to discern the intent of the legislature. At the first level of analysis, we examine both the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). If the legislative intent is not clear from that inquiry, we then examine the legislative history to determine the legislature's intent. *Id.* at 611-12.

■ As discussed above, the pertinent language that was added to the statute is "actual worsening of the compensable condition." These terms are not defined in the statute. Under *PGE*, unless otherwise defined, we assume that words of common usage are to be given their plain, natural and ordinary meaning. Resorting to the plain meaning of the words at issue here, however, is not helpful because the ordinary meaning of these terms does not clearly indicate what the

legislature meant by adding this language. Arguably, the amended language means that the underlying *condition* must actually worsen in order to prove an aggravation. On the other hand, this language could be read to mean that increased symptoms could constitute an "actual worsening" of the condition. The words used by the legislature here simply do not answer this critical question.

The context of these statutory terms also is not determinative. At the same time that ORS 656.273(1) was amended, the legislature also amended ORS 656.214(7) to provide that "[a]ll permanent disability contemplates future waxing and waning of symptoms of the condition." Interestingly, the legislature did *not* amend ORS 656.273(8), which provides that, where a worker has received a permanent disability award, an aggravation may be established by showing that "the worsening is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award." It is not unreasonable to read those provisions together to mean that an "actual worsening" does include circumstances where symptoms worsen to a greater extent than the waxing and waning contemplated by the previous award. The Board, in fact, did so.

On the other hand, the text of a statute before it is amended also is considered part of its context. *Krieger v. Just*, 319 Or 328, 337, 876 P2d 754 (1994). As discussed above, the text of ORS 656.273(1), before this amendment, had been construed to allow an aggravation to be established by showing a symptomatic worsening. The requirement of the amended statute that the worsening be "actual" and be "of the condition," at a minimum, creates a question as to whether the legislature intended to change the standard for proving an aggravation. Further confusion as to what the legislature intended is created by the fact that, as the Board correctly points out, there is nothing in the statutes that explains how these provisions are to relate to each other. The meaning of ORS 656.273(1), as amended, is sufficiently ambiguous that it is necessary to look to legislative history to discern the legislature's intent.

Representative Mannix, a cosponsor of Senate Bill 369, the legislation amending the statute, testified before the

Senate Labor and Government Operations Committee concerning *amended* ORS 656.273(1). He explained:

"[ORS] 656.273(1) is a significant change in the law. All the changes to .273 are significant in the sense that they are trying to tell the courts what we thought we told them many times over as to what is an aggravation. An aggravation is a worsening of the compensable condition; that is, it's attributable to the industrial injury. A worsening of the condition.

"I would like to say the word condition a hundred times, but I won't. The courts keep insisting on coming up with alternatives, even though the last time I counted I think worsened condition is used seven times in the statutes to refer to aggravation. They keep coming up with alternative views of what is an aggravation. Doctors know what a worsened condition is. *We should know what a worsened condition is and a worsened condition is not a flare-up of symptoms*. Enough said." (Emphasis supplied.)

Representative Mannix also discussed ORS 656.214(7):

"We then get to ORS 656.214(6) [*sic*]. This restates the assumption that the condition of workers with permanent partial disability may fluctuate without the condition itself worsening. That is, there can be a fluctuation of symptoms. When we amended the law in 1990 with the special session, we thought we took care of it and we stated specifically that the condition of a worker with permanent partial disability may be expected to wax and wane. Recent cases said that provision only applies if the anticipated waxing and waning of symptoms was specifically stated at the time of the previous closure.

"That gets around the intention of the 1990 reforms. The idea is if you get a permanent disability award, there is an assumption that you have a permanent condition, and you may have good days and bad days with waxing and waning of symptoms. That's why you receive compensation for permanent partial disability. There is then an assumption anytime you have such a permanent disability award that there will be some fluctuation of symptoms. If there is not any anticipated fluctuation of symptoms, then you shouldn't be getting a permanent disability award. You should have fully recovered, which happens with many workers."

At a later time before the same committee, the following discussion took place between Senator Leonard, Representative Mannix, and Jerry Keene, a workers' compensation defense attorney:

"Sen. Leonard: Where do you draw the line between when you have an aggravation of a symptom and an injury?

"Rep. Mannix: The aggravation actually is of the condition and that's what we keep getting back to. A worsening of the condition as opposed to a flare-up of symptoms. *And the physicians will tend to make that - we'll ask them to make that distinction.* Was this a worsened condition or an actual flare up of symptoms. One of the things that we're trying to get at though is you've got a chronic bad back. In fact, your doctor told you to limit yourself to sedentary work and you got a permanent disability award. A year later you're moving and you spend all Saturday lifting heavy stuff. The end of the day you're in pain. The next day or Monday you go to the doctor, he gives you some medication to control your pain and says 'you ought to rest a couple of days.' Your condition - the doctor takes a look at it and says 'you just overdid it. You shouldn't have done that.'

"And, in fact, let's say you don't miss any work at all. You're just in pain. That's probably a better example, because if the doctor tells you not to do something he'll probably say you have a worsened condition. But, you've had a flare-up, you overdid it. Did you have an actual worsening that requires reopening of the claim, the payment of time loss, the reevaluation of permanent disability, or was this a flare up of symptoms? Physicians are used to being asked that question, but the courts have tended to say well, if you had - sometimes they've said in the past - well you just had increased pain with activity. That's enough to be an aggravation. Or we're going to take another look at your earning capacity a year later and we think you've lost some earning capacity so that's an aggravation. *This turns around and says no, look at the pathological condition or the psychiatric condition. Do the physicians say there's actual worsening of the condition or is this waxing and waning of symptoms?* The kind of stuff you would have anticipated.

"Mr. Keene: Waxing and waning came from the court decisions. It wasn't statutory language originally. We just took their language and put it in.

"Rep. Mannix:   Like phases of the moon.

"Unidentified:   That was a court wording, huh?

"Mr. Keene:   Yeah, one of their better efforts.

"Rep. Mannix:   We're trying to get back to clarifying no, that wasn't meant to be an aggravation. The original bill did that. This amendment, based on the Department's recommendation, they wanted to start out with a positive description of worsened condition and then talk about what's exempted, so we've reworded it to meet their request.

"Sen. Leonard:   And who makes that determination with this language - whether its a waxing and waning of the symptom or an aggravation of an earlier approved condition?

"Rep. Mannix:   It's based on the weight of the medical evidence.

"Mr. Keene:   The doctor.

"Sen. Leonard:   The doctor makes that decision?

"Mr. Keene:   The doctor makes the initial decision, gives his opinion about whether it's happened or not - to the insurer when they send the bills for payment and, and trigger the claim on behalf of the worker.

"Sen. Leonard:   So the insurer is going to have more latitude now with claims that are submitted for aggravations of approved claims - there's no dispute that the person was originally [injured]. The insurer will have more latitude to deny payment.

"Rep. Mannix:   Yes.

"Mr. Keene:   It draws a clearer line.

"Rep. Mannix:   *It draws a clearer line and the physician can be asked very specifically - doctor, is this a worsened condition or is this a flare-up of symptoms?*

"Sen. Leonard:   And doctors can tell you that? They can clearly say that is—

"Rep. Mannix:   Well to be frank about it, the attending physician will tend to err on the side of caution and say well, looking at this * * * and evaluating this condition, yeah it's worse. Is it temporarily worse or permanently

worse? That doesn't matter. If it's a worsened condition you'll get an aggravation. Then later you can look at whether it's permanent or temporary and reevaluating [*sic*] it. Oh they got better again, fine. They didn't get better, then you got some more permanent disability." (Emphasis supplied.)

Before the House Committee on Labor, Representative Mannix again discussed the difference between a worsening of symptoms and a worsening of a condition. In discussing ORS 656.214(7), he stated:

*"This is designed to close the back door aggravation claims where you say even though I'm not worse, I've had more waxing and waning of symptoms than was contemplated.* And we get into that. In the aggravation statute we get back to no, ask the doctor has your condition worsened. Condition is a code word. Worsened is a code word. Waxing and waning of symptoms is a code phrase, too, because a doctor can give us the opinion based on the medical history, their prior examinations, what they expected in terms of waxing and waning symptoms. And let's be frank about this. *At some point somebody's symptoms will have increased so much that the doctor's going to come to the conclusion that there is actually a worsening of the condition. Let the doctor say so.* But let's not say that there are any other assumptions that somehow meant [*sic*] to having just the waxing and waning of symptoms reported that that meant you have an aggravation. Ask the doctor the question about the aggravation." (Emphasis supplied.)

Representative Mannix was asked by members of the House Committee on Labor whether ORS 656.214(7) should be part of ORS 656.273. He responded:

"Well that's where I think that moving this over to the section dealing with ORS 656.273 the aggravation statute might be appropriate, because this is really intended to take the subjectivity out of the question of aggravation. *Aggravation ought to be a pathological worsening and the doctor can tell you whether or not there's been a pathological worsening.* It shouldn't be well, gee, this person's had symptom swings and we're trying to nail down that point. Waxing and waning of symptoms does not [mean that the person has had] an aggravation. So maybe it's best to put this language in there. Because then it's less subjective. What we've got is some objective standards and we're saying this

subjectivity stuff doesn't rate an aggravation claim."
(Emphasis supplied.)

There does not appear from the legislative history to have been any comments made in response to the above statements of Representative Mannix, Senator Leonard or Mr. Keene expressing disagreement with the statements. Accordingly, we conclude that the legislative history supports the conclusion that the legislature intended to change the standard for proving an aggravation to require a showing that the underlying condition has worsened. *See Zidell Marine Corp. v. West Painting, Inc.*, 322 Or 347, 359, 906 P2d 809 (1995); *Davis v. O'Brien*, 320 Or 729, 745, 891 P2d 1307 (1995).

■ After considering the text and context of the statute, together with the legislative history, we conclude that the legislature's use of the terms "actual worsening" was not intended to include a symptomatic worsening. Under the amended statute, in order for a symptomatic worsening to constitute an "actual worsening," a medical expert must conclude that the symptoms have increased to the point that it can be said that the *condition* has worsened. In other words, ORS 656.273(1), as amended, requires that there be direct medical evidence that a condition has worsened. It is no longer permissible for the Board to infer from evidence of increased symptoms that those symptoms constitute a worsened condition for purposes of proving an aggravation claim. Here, both the hearings officer and the Board considered the claim under the old standard. The Board specifically held that an actual worsening of the condition may be proven by a symptomatic worsening, and it based its conclusion that claimant had proven an aggravation claim on evidence of claimant's increased symptoms. We hold that proof of a pathological worsening is required. Accordingly, it is necessary to remand this case to the Board for reconsideration under the correct standard and such further proceedings as the Board deems necessary.

Claimant also argues here that the Due Process Clause of the Fourteenth Amendment to the United States Constitution is violated by the retroactive application of SB 369 to this case in the absence of an emergency basis to

change the law. For reasons materially similar to those discussed in *Liberty Northwest Ins. Corp. v. Yon*, 137 Or App 413, 904 P2d 645 (1995), we reject this argument.

Reversed and remanded for reconsideration.

**ARMSTRONG, J.,** dissenting.

I believe that the majority misinterprets ORS 656.273(1) by misapplying *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). According to *PGE*, before we resort to legislative history to interpret a statute, we are required to conclude that the text of the statute, when examined in context, is ambiguous. *PGE*, 317 Or at 611. The majority simply announces that ORS 656.273(1) is ambiguous, without identifying two plausible interpretations of the relevant language. Because I believe that an examination of the text of ORS 656.273(1), in context, establishes that there is only one plausible interpretation of it, I dissent.

In order to conclude that the board's interpretation of ORS 656.273(1) is not correct, I think that the court must explain how the statute could be interpreted to mean something different. We would have to do that in order to conclude that a contract is ambiguous. *See, e.g., Hoffman Construction Co. v. Fred S. James Co.*, 313 Or 464, 470, 836 P2d 703 (1992). I see no reason why the same principle does not apply to statutory construction under *PGE*. I believe that the majority fails to identify two plausible interpretations of the statute because it cannot.

The majority examines ORS 656.273 in context with ORS 656.214(7) and ORS 656.273(8) and concludes that "[i]t is not unreasonable to read those provisions together to mean that an 'actual worsening' does include circumstances where symptoms worsen to a greater extent than the waxing and waning contemplated by the previous award." 145 Or App at 300. That interpretation is a completely coherent interpretation of the statute, in context.

The 1995 amendment to ORS 656.273(1) added the requirement that there be an "actual worsening" of a condition in order to establish that there has been an aggravation

of it. That change indicates that a real worsening, as distinguished from an illusory one, is required. As the majority recognizes, the change meshes well with the 1995 amendment to ORS 656.214(7), which states that "[a]ll permanent disability contemplates future waxing and waning of symptoms of the condition," and with ORS 656.273(8), which provides that an aggravation can be established by showing that "the worsening [of the condition] is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award." Taken together, the provisions establish that, to prevail on an aggravation claim, a claimant must establish that her condition has, in fact, worsened, and that the worsening of it represents more than the contemplated waxing and waning of its symptoms. I do not see how the words of the statute, in context, can be understood to require anything more.

The majority announces, however, that the meaning of the statute is ambiguous because "[a]rguably, the amended language means that the underlying *condition* must actually worsen in order to prove an aggravation." 145 Or App at 300. The majority argues that, because the legislature amended the statute to include new language, there is, "at a minimum," a possibility that the legislature intended to change the standard to prove an aggravation. *Id*. After examining the legislative history, the majority concludes that the legislature wanted to require claimants to show "proof of a pathological worsening." 145 Or App at 305. The legislature certainly can change the standard for proving an aggregation. However, when the new language in ORS 656.273(1) is considered in context, the majority's interpretation of the statute is implausible.[1]

In fact, the majority's construction of ORS 656.273(1) essentially renders ORS 656.214 and ORS 656.273(8) superfluous. It concludes that ORS 656.273(1), as amended, establishes that symptomatic worsening is never

---

[1] The majority correctly states that the text of a statute before it is amended is considered part of the statute's context. 145 Or App at 300. However, the prior statute cannot be considered in isolation. It must be considered with the other contextual cues. In this case, those include ORS 656.214(7) and ORS 656.273(8). When those statutes are considered, it is not possible to interpret the change in ORS 656.273(1) to do what the majority says it does.

sufficient to establish an aggravation. If that is true, then it is unnecessary to say that waxing and waning of symptoms is an expected feature of every condition (ORS 656.214) and that an aggravation can be established by showing that "the worsening [of the condition] is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award" (ORS 656.273(8)). A focus on the waxing and waning of symptoms is irrelevant if increased symptoms are insufficient to establish that a condition has worsened, as the majority's construction of ORS 656.273(1) posits. The majority fails to explain how its construction of ORS 656.273(1) meshes with ORS 656.214 and ORS 656.273(8).

The source of any ambiguity in the statute can be traced to the statute's legislative history rather than to the statute itself. It is the statements by some of the proponents of the 1995 workers' compensation bill that create confusion about the intended meaning of ORS 656.273(1). However, under *PGE*, we cannot turn to legislative history unless an ambiguity about the legislature's intent is evident from the text and context of the statute itself. 317 Or at 609. There is no such ambiguity here. The only plausible construction of ORS 656.273(1) is that an actual worsening can be shown through a significant worsening of symptoms, as the Board concluded. Thus, the Board's interpretation should be affirmed.

Furthermore, much of the legislative history that is quoted by the majority is completely consistent with the interpretation of the statute that I've stated above. Representative Mannix, in particular, said in a variety of ways that the changes were intended to reconfirm one of the things that the 1990 amendments to the Workers' Compensation Law had sought to establish. That is that the symptoms of a permanent condition are expected to wax and wane, so a compensable aggravation of the condition requires a showing that the condition is worse than it was at the last arrangement, taking the expected waxing and waning of symptoms into account. For example, he said:

"Do the physicians say there's actual worsening of the condition or is this waxing and waning of symptoms? The kind of stuff you would have anticipated."

That discussion makes no sense if the only way to establish a worsening is by showing a pathological worsening of the condition.

Representative Mannix also said that the worsening need not be permanent in order to constitute an aggravation:

> "Well to be frank about it, the attending physician will tend to err on the side of caution and say well, looking at this * * * and evaluating this condition, yeah it's worse. Is it temporarily worse or permanently worse? That doesn't matter. If it's a worsened condition you'll get an aggravation. Then later you can look at whether it's permanent or temporary and reevaluat[e] it. Oh they got better again, fine. They didn't get better, then you got some more permanent disability."

In addition, however, Representative Mannix also said two other, very different things about the 1995 amendments to ORS 656.273 and ORS 656.214. He said that the amendments were intended (1) to require a claimant to submit evidence from a doctor in which the doctor states that the condition has worsened and (2) to require a claimant to show a pathological, as opposed to a symptomatic, worsening of the condition. Those are not the same thing, as Representative Mannix, himself, recognized.

For example, he said that

> "[a]t some point somebody's symptoms will have increased so much that the doctor's going to come to the conclusion that there is actually a worsening of the condition. Let the doctor say so. But let's not say that there are any other assumptions that somehow meant [sic] to having just the waxing and waning of symptoms reported that that meant you have an aggravation. Ask the doctor the question about the aggravation."

That discussion suggests that increased symptoms beyond those contemplated in the normal waxing and waning of a condition can establish an aggravation, but that a doctor must say that the condition is worse. In other words, a doctor must use magic words, to wit, that the claimant's condition is worse, in order for the Board to conclude that there has been an aggravation. The Board cannot reach that conclusion on

its own based on the medical evidence. Under that understanding, increased symptoms can establish a worsening, as long as the magnitude of the increase is significant enough to lead a doctor to conclude that there has been a worsening.

Alternatively, Representative Mannix said that "[a]ggravation ought to be pathological worsening and the doctor can tell you whether or not there's been a pathological worsening." For that purpose, I understand the term "pathological" to mean structural or functional. *See Webster's Third New International Dictionary* 1655 (1976) (definition of pathology). If that is what the amendment sought to require, I'm not sure how the amendment adds anything to the existing requirement that the aggravation be based on "objective findings." The necessary objective findings will reflect a structural or functional change in the condition.

In any event, the addition of the words "actual worsening" to ORS 656.273(1) cannot reasonably be interpreted (1) to add a requirement that a doctor testify that there has been an actual worsening in order for the Board to find an aggravation or (2) to mean that the Board cannot find an aggravation on the basis of objective findings of increased symptoms that exceed those expected for the condition in the light of the expected waxing and waning of it. If the legislature intended to accomplish either of those two things, it needed to add different words to the statute than it did. The majority simply settles on a conclusion about the intended goal of the amendments and then announces that the amendments achieved that goal without explaining how the words chosen by the legislature, in fact, did that.

In contrast, the Board's interpretation of ORS 656.273(1) gives meaningful effect to all of the relevant provisions. The discussion of waxing and waning in ORS 656.214 and ORS 656.273(8) essentially explains what constitutes an actual worsening under ORS 656.273(1). They do that by establishing that increased symptoms are insufficient to establish an aggravation if they fall within those expected as part of the waxing and waning of symptoms that accompanies any permanent disability. The increased symptoms must be greater than those that were contemplated in the prior award for the condition to be considered to have

worsened. That is the only plausible construction that can be gleaned from the text and context of the statute. Therefore, I believe that the opinion errs in holding that the Board misinterpreted the relevant statutes.

Landau, J., joins in this dissent.