Argued and submitted January 20, reversed and remanded for reconsideration
May 11, 2005

In the Matter of the Compensation of
Andrew T. Piburn, Claimant.

Andrew T. PIBURN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Department of Transportation,
*Respondents.*

02-05166; A122060

112 P3d 367

James S. Coon argued the cause for petitioner. With him on the briefs was Swanson, Thomas & Coon.

Dennis S. Martin argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Schuman,* Judge.

SCHUMAN, J.

---

* Schuman, J., *vice* Ceniceros, S. J.

## SCHUMAN, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) denying him benefits for loss of grip strength in his dominant hand. That loss, in turn, results from a work-related injury to a finger and thumb. The board concluded that, under the appropriate rules, the value assigned to the loss of hand strength is the sum of the value assigned to the loss of strength in each digit; loss of strength in a digit has a value of zero; hence the loss of hand strength caused by the injury to digits is also zero. Claimant argues that, when more than one digit is involved, a different rule applies, resulting in a value greater than zero. We agree with claimant, and consequently we reverse and remand for reconsideration.

The facts are not in dispute. In a work-related vehicle accident, claimant sustained several injuries and filed a claim for workers' compensation benefits. SAIF accepted the claim, but at closure it awarded claimant no permanent partial disability benefits for loss of grip strength, one of his claimed conditions. Claimant sought reconsideration, and an examination by a medical arbiter ensued. The arbiter found a measurable loss of grip strength and concluded that it resulted from loss of strength in claimant's thumb and index finger; that loss of strength, in turn, was caused by the damage that the work-related accident inflicted on the nerves in claimant's forearm that "innervate" or operate the muscles in the digits. As a result, the Workers' Compensation Division awarded claimant 12 percent permanent partial disability for loss of grip strength.

SAIF requested a hearing and argued that the award for loss of grip strength should be reduced to zero because OAR 436-035-0110(8)(a) (2001)[1] assigns a value of zero for loss of strength in "a finger or thumb"; therefore, SAIF contended, the loss of strength in a finger *and* a thumb

---

[1] Under OAR 436-035-0003(1), the disability rating standards apply to all claims "closed on or after the effective date of these rules[.]" Claimant's notice of closure was dated December 27, 2001. Therefore, we apply those rules that were effective as of claimant's closure date. All references to the rules are to the 2001 versions.

should be zero. The administrative law judge agreed and reduced claimant's grip strength award to zero. The board affirmed. Claimant seeks review.

SAIF's argument is simple and straightforward. OAR 436-035-0020 clearly distinguishes between the hand and digits: Subsection (3) states that "[t]he hand begins at the joints between the carpals and metacarpals" and "extends to the joints between the metacarpals and the phalanges"; subsection (4) states that "[t]he thumb and fingers begin at the joints between the metacarpal bones and the phalanges" and "extend to the tips of the thumb and fingers, respectively." Further, OAR 436-035-0110(8) provides, in part:

> "Loss of strength in the arm, forearm or hand due to a peripheral nerve injury is rated based upon the specific peripheral nerve, which supplies (innervates) the weakened muscle(s), as described in the following table and as modified pursuant to OAR 436-035-0007(19). * * *

> "(a) Valid loss of strength in the arm, forearm or hand substantiated by clinical findings, shall be valued as if the peripheral nerve supplying (innervating) the weakened muscle(s) was impaired, pursuant to this section. *Loss of strength in a finger or thumb receives a value of zero.*"

(Emphasis added.) Thus, although loss of strength in the hand is rated based on the injury to the innervating nerve, loss of strength in the finger or thumb is rated at zero. Zero plus zero equals zero.

The necessary consequence of this logic is that, if a worker loses all of the strength in all five of his or her digits, no loss of strength to the hand occurs. In addition to confounding common sense and basic anatomy, the theory also confounds basic principles of administrative rule interpretation. The phrase at the heart of the board's and SAIF's interpretation is, "Loss of strength in *a* finger or thumb receives a value of zero." (Emphasis added.) The plain meaning of that phrase is that the zero value applies only to loss of strength in a single digit. The article "a" is singular, and it modifies both "finger" and (disjunctively) "thumb"; thus the zero value is assigned to either digit in the singular. The rule does not assign a cumulative value of zero to loss of strength when

both a finger and thumb are weakened, nor does it assign a cumulative value of zero when more than one finger is weakened. Such a rule might read, "Loss of strength in a digit or any number of digits receives a value of zero."

■ Elsewhere within the same rule, the Workers' Compensation Division employs the term "finger(s)" when both singular and plural are intended, OAR 436-035-0110(1); OAR 436-035-0110(1)(c), and "fingers" when only the plural is intended, *e.g.*, OAR 436-035-0110(1)(f). Furthermore, unlike other rules promulgated by of the Department of Consumer and Business Services, *e.g.*, OAR 437-001-0030; OAR 438-085-0021, the disability ratings in OAR chapter 436, section 35, do not include a provision indicating that the singular includes the plural. As claimant correctly argues, such a provision would undermine the precision required for quantifying disability for each uniquely disabled claimant. We therefore infer that OAR 436-035-0110(8)(a), because it does not use the plural, specifies a zero value only when the strength loss for a single digit is attributable to an impaired nerve. *See also Landsem Farms, LP v. Marion County*, 190 Or App 120, 127, 78 P3d 103 (2003) (noting significance of legislature's choice in using singular term in land use statute and concluding that singular noun, in context of statute, did not include the plural).

■ Moreover, when possible, we construe rules on the same subject as consistent with each other. Thus, where two relevant rules exist, we construe them so as to give effect to both. *See* ORS 174.010; *City of Eugene v. Nalven*, 152 Or App 720, 725-26, *rev den*, 327 Or 431 (1998) (illustrating principle in context of statutory construction). If we were to adopt SAIF's position that the cumulative value for loss of strength in multiple digits is zero, we would not give full effect to OAR 436-035-0070, a rule specifically designed to convert the loss of use of two or more digits into a value for loss of hand. OAR 436-035-0070 provides, in part:

"(1) Loss of use of two or more digits shall be converted to a value for loss in the hand if the worker will receive more money for the conversion. At least two digits must have impairment other than loss of opposition to qualify for conversion to hand.

"(2) When converting impairment values of digits to hand values, the applicable hand impairment is determined by rating the total impairment value in each digit in accordance with OAR 436-035-0007(22)(b), then converting the digit values to hand values, and then adding the converted values."

OAR 436-035-0007(22)(b), in turn, provides, in part:

"Range of motion values for multiple joints in a single body part (e.g. of a finger) are determined by finding the range of motion values for each joint (e.g. MCP, PIP, DIP) and combining those values for an overall loss of range of motion value. This value is then combined with other impairment values."

Where, as here, a claimant suffers no loss of range of motion in a digit, the impairment value for that digit would consist entirely of "other impairment values," which are then totaled and converted to hand values.

If SAIF and the board were correct that the "other impairment values" for the finger and thumb are both zero, then the regulatory scheme frequently would be self-defeating: It establishes an elaborate method for converting multiple digit impairment into hand impairment, yet in many cases no hand impairment will result. Under a more coherent interpretation, the last sentence of OAR 436-035-0110(8)(a)—"Loss of strength in a finger or thumb receives a value of zero"—applies, as the singular nouns indicate, only when a single digit is impaired. In other situations, the "other impairment values" used in the finger-to-hand conversion are calculated by applying the remainder of OAR 436-035-0110(8), which, as noted above, provides, in part:

"Loss of strength in the arm, forearm or hand due to a peripheral nerve injury is rated based upon the specific peripheral nerve, which supplies (innervates) the weakened muscle(s), as described in the following table and as modified pursuant to OAR 436-035-0007(19). * * *

"(a) Valid loss of strength in the arm, forearm or hand, substantiated by clinical findings, shall be valued as if the peripheral nerve supplying (innervating) the weakened muscle(s) was impaired, pursuant to this section."

The "following table" referred to in the rule assigns general impairment values to the medial, radial, and ulnar nerves, expressed as percentages. OAR 436-035-0007(19) sets out the procedure for converting those percentages, in a particular case, into loss of strength ratings for each digit.[2]

**3.** In sum, under OAR 436-035-0110(8)(a), the zero value for loss of strength in "a finger or thumb" applies only when a single digit is impaired. If damage to an innervating nerve results in loss of strength in more than one digit, the last sentence of OAR 436-035-0110(8)(a) is not applicable. Instead, the board is required to follow the procedure otherwise outlined in OAR 436-035-0110(8). Under that procedure, the board uses the table referred to in OAR 436-035-0110(8), in combination with the conversion process set out in OAR 436-035-0007(19), to determine the "impairment value" of each digit. Those values are then factored into the digit-to-hand conversion rule in OAR 436-035-0070 to determine the degree of disability. Because the board misinterpreted the rules governing claimant's situation, we remand. *SAIF v. Walker*, 145 Or App 294, 305, 930 P2d 230 (1996), *aff'd*, 330 Or 102, 996 P2d 979 (2000).

Reversed and remanded for reconsideration.

---

[2] The board, and not this court, is the appropriate body to determine in the first instance how the table and OAR 436-035-0007(19) function to yield an impairment value.