Submitted on record and briefs May 26, 1993, affirmed February 2, 1994

In the Matter of the Compensation of
Jack W. Nethercott, Claimant.

Jack W. NETHERCOTT,
*Petitioner,*

*v.*

SAIF CORPORATION
and Seaside Realty,
*Respondents.*

(WCB 91-09935; CA A77382)

867 P2d 566

Judicial Review from Workers' Compensation Board.

Jan H. Faber filed the brief for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Julie K. Bolt, Special Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DEITS, P. J.

## DEITS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of his claim for aggravation under ORS 656.273(1).[1] We review for substantial evidence, ORS 183.482(8)(c), and affirm.

Claimant injured his low back, left elbow and left shoulder in January, 1990. His claim was accepted by employer. On January 30, 1991, claimant's treating physician, Dr. Cockcroft, reported that he was medically stationary with "chronic back pain." However, claimant was restricted from lifting or pushing more than 30 pounds. The claim was closed on February 15, 1991, with an award of 13 percent unscheduled permanent partial disability. In June, 1991, Cockcroft again examined claimant and reported that he complained of increased lower back pain. Cockcroft noted that claimant was still restricted to light duty, *i.e.*, lifting, pushing and pulling no more than 30 pounds, and that "he * * * *continued to remain disabled* and that * * * attempts at adjusting his leg lengths with shoe lifts, physical therapy and allowing time to heal, have been unsuccessful." (Emphasis supplied.) Claimant filed an aggravation claim. In August, 1991, Cockcroft reported that claimant's back pain "had waxed and waned over the 18 month period since his injury." Dr. Keizer, who had examined claimant before his accepted claim was closed, examined claimant in July, 1991. He later reported that claimant was "fit to return to some type of light work with restrictions" and that he "remained medically stationary."

Employer denied claimant's aggravation claim, and claimant appealed. The Board concluded that claimant had failed to establish his claim for aggravation under ORS

---

[1] ORS 656.273 provides:

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings.

"* * * * *

"(8) If the worker submits a claim for aggravation of an injury or disease for which permanent disability has been previously awarded, the worker must establish that the worsening is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award."

656.273, because the medical evidence showed that his condition had not worsened. The Board said:

> "The medical evidence shows that since his January 1990 injury, claimant has experienced constant back pain. * * * The medical evidence, however, fails to prove that claimant's current symptoms are any greater than they were at the time of the February 1991 claim closure when claimant was awarded 13 percent unscheduled permanent disability."

■■ An aggravation claim must be based on a "worsened condition" since the last award or arrangement of compensation. A worsened condition must be proved by medical evidence supported by objective findings. ORS 656.273(1). If the claimant has been awarded permanent disability for the underlying condition, the claimant must establish that the worsening is more than waxing and waning of symptoms contemplated by the award of disability. ORS 656.273(8). Worsening is a factual question. *Perry v. SAIF*, 307 Or 654, 657, 772 P2d 418 (1989).

■ Claimant argues that the Board's finding that his condition had not worsened is not supported by substantial evidence. We disagree. Claimant's treating physician and Keizer agreed that he remained medically stationary and is still capable of performing light duty. At the time that claimant's initial claim was closed, and he was awarded unscheduled permanent partial disability, there was medical evidence indicating that his low back pain was chronic. Claimant has had the same type of symptoms that he complains of now since before his claim was closed. The Board found that claimant failed to prove that his increased symptoms are more than the waxing and waning of symptoms contemplated by the award of disability and that finding is supported by substantial evidence. ORS 656.273(8). Although claimant testified that he is less able to function now than before his original claim was closed due to increased lower back pain, the medical evidence supports the Board's finding that his condition has not worsened. There is evidence that claimant's symptoms have not caused a loss of function of the body that resulted in loss of earning capacity beyond that for which claimant has already received an award of permanent partial disability. *See Perry v. SAIF, supra,* 307 Or at 657. The

Board's conclusion, that claimant did not prove an aggravation claim under ORS 656.273 because he had failed to prove a worsened condition, is supported by substantial evidence.

Affirmed.