Argued and submitted January 7, 1998, decision of Court of Appeals affirmed, order of Workers' Compensation Board reversed and case remanded to Workers' Compensation Board for further proceedings March 16, 2000

In the Matter of the Compensation of
Roland A. Walker, Claimant.
SAIF CORPORATION, Insurer,
and Gold Creek Center, Inc., Employer,
*Respondents on Review,*
*v.*
Roland A. WALKER,
*Petitioner on Review.*
(WCB 93-07081; CA A89100; SC S44116)
996 P2d 979

Robert Wollheim, of Welch, Bruun, Green & Wollheim, Portland, argued the cause for petitioner on review. With him on the petition and brief on the merits was W. Todd Westmoreland, Tillamook.

David L. Runner, SAIF Corporation, Salem, argued the cause and filed the brief on the merits for respondents on review. On the response to the petition for review was Julene M. Quinn, SAIF Corporation, Salem.

James L. Edmunson and G. Duff Bloom, of Cole, Cary & Wing, P.C., Eugene, filed a brief on behalf of *amici curiae* Oregon Trial Lawyers Association and Oregon Workers' Compensation Attorneys.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

CARSON, C. J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in the consideration or decision of this case; Graber, J., resigned March 31, 1998, and did not participate in this decision; Kulongoski, Leeson, and Riggs, JJ., did not participate in the consideration or decision of this case.

**CARSON, C. J.**

In this workers' compensation case, we must interpret the wording of ORS 656.273(1) (1995),[1] which sets out the requirements for establishing a worsened condition for the purpose of filing an aggravation claim. The Court of Appeals concluded that, under that statute, a worker must prove a "pathological" worsening of the underlying condition itself, rather than only a worsening of symptoms. *SAIF v. Walker*, 145 Or App 294, 305, 930 P2d 230 (1996). For the reasons that follow, we conclude that ORS 656.273(1) (1995) requires proof of a worsened condition; proof of a worsening of symptoms arising from the underlying condition, by itself, is insufficient. We also conclude, however, that evidence of a symptomatic worsening may support a physician's conclusion that the underlying compensable condition itself has worsened. We affirm the decision of the Court of Appeals and remand the case to the Workers' Compensation Board (the Board) for further proceedings.

The relevant facts, taken from the Court of Appeals' opinion and the record, are as follows. Claimant, a timber faller, injured his lower back and left leg on the job in 1991. Claimant was diagnosed by Dr. Buza, his treating physician, as having an "L5-S1 herniated disc." Claimant filed a claim for compensation. His injury was deemed compensable, and SAIF Corporation (SAIF), his employer's insurer, paid the claim.

In May 1992, Buza declared claimant medically stationary and released him to regular work, beginning in June 1992, without restriction. At that time, claimant's work required heavy lifting of up to 100 pounds. Buza's closing report concluded that claimant's loss of function was minimal, although claimant continued to have some pain in his lower back and left leg. SAIF awarded claimant 12 percent permanent partial disability (PPD) and closed the claim.

---

[1] ORS 656.273(1) (1995) is set out in the text below. The current version of ORS 656.273(1) is the same as the 1995 version. For the sake of clarity, because we also refer to earlier versions of the statute in this opinion, we denote the 1995 version by year throughout.

Claimant requested reconsideration of the closure. In February 1993, he was examined by a medical arbiter, Dr. Burr. Burr concluded that claimant had a chronic and permanent medical condition arising from his accepted injury, and that he was capable of "medium work occasionally, light to medium work constantly, without repeated crouching, or bending." Based upon that report, SAIF increased claimant's PPD award to 16 percent.

Also in February 1993, claimant experienced increased pain while working and returned to Buza for treatment. At Buza's suggestion, claimant underwent an MRI scan, which revealed evidence of scar tissue but no residual or recurrent disc herniation. Buza referred claimant to a rehabilitation center to evaluate his physical capabilities. That evaluation concluded that claimant had "residual physical capacities in the light-medium work range, lifting and carrying 35 pounds occasionally with increased symptoms."

In May 1993, Burr re-examined claimant and concluded that, in addition to the herniated disc, claimant suffered from degenerative disc disease with continued symptomatic low back and left leg discomfort. Later, in response to a letter from claimant's lawyer, Buza concurred with Burr's diagnosis.

Claimant filed an aggravation claim under ORS 656.273 (1993). SAIF denied the claim in April 1993, concluding that claimant's underlying condition had not worsened since his earlier award. Claimant requested a hearing, which was held in March 1994. The administrative law judge (ALJ)[2] noted that, to prevail on his aggravation claim under ORS 656.273(1) (1993), "claimant must show that increased symptoms *or* worsening of the underlying condition resulted in diminished earning capacity." (Emphasis added.) The ALJ concluded that, because the evidence demonstrated that claimant's increased symptoms reflected more than a mere waxing and waning of the symptoms anticipated at the time of the PPD award, claimant had proved his aggravation claim. On June 1, 1995, the Board affirmed the ALJ's order.

---

[2] Before 1995, ALJs were known as referees. *See* Or Laws 1995, ch 332 (changing "referee" to "administrative law judge" throughout the Workers' Compensation Law). We refer to the referee in this case as an ALJ throughout this opinion.

Meanwhile, the 1995 Legislature enacted extensive amendments to the Workers' Compensation Law, including an amendment to ORS 656.273(1) that became effective on June 7, 1995. Or Laws 1995, ch 332, §§ 31, 69. That amendment applied retroactively to claimant's case. Or Laws 1995, ch 332, § 66. On June 29, 1995, SAIF petitioned for judicial review of the Board's order, arguing that claimant had not proved his aggravation claim under the 1995 version of ORS 656.273(1).

A majority of the Court of Appeals concluded that, under ORS 656.273(1) (1995):

"[T]here [must] be direct medical evidence that a condition has worsened. It is no longer permissible for the Board to infer from evidence of increased symptoms that those symptoms constitute a worsened condition for purposes of proving an aggravation claim. Here, both the hearings officer and the Board considered the claim under the old standard. The Board specifically held that an actual worsening of the condition may be proven by a symptomatic worsening, and it based its conclusion that claimant had proven an aggravation claim on evidence of claimant's increased symptoms. We hold that proof of a pathological worsening is required. * * *"

*Walker*, 145 Or App at 305. Accordingly, the Court of Appeals reversed the Board's order and remanded the case to the Board for reconsideration. *Id.* Two judges dissented, asserting that an aggravation claim may be proved by evidence of increased symptoms "greater than those that were contemplated in the prior award." *Id.* at 310 (Armstrong, J., dissenting). We allowed claimant's petition for review.

At the time when claimant filed his aggravation claim, ORS 656.273(1) (1993) provided, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. *A worsened condition resulting from the original injury is established by medical evidence supported by objective findings.* * * *"

(Emphasis added.) The 1995 Legislature amended that statute by deleting the words "including medical services" and by adding the wording set out below in boldface type:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. *A worsened condition resulting from the original injury is established by medical evidence* **of an actual worsening of the compensable condition** supported by objective findings. * * *"

Or Laws 1995, ch 332, § 31 (boldface type in original; deleted text omitted; emphasis added). As noted, the amended wording applies retroactively to claimant's claim.

SAIF contends that, to prove "an actual worsening of the compensable condition" under the amended version of ORS 656.273(1), an injured worker must prove a worsening of the underlying condition itself, rather than a worsening of the symptoms arising from that condition. Claimant, on the other hand, contends that a worker may present evidence of *either* an actual worsening of the compensable condition itself, which the Court of Appeals characterized as a "pathological worsening," *or* of a "symptomatic worsening"—a worsening of the symptoms arising from the compensable condition—that is greater than the symptomatic worsening anticipated at the time of the original award.

As explained more fully below, two questions are before us, both of which present issues of statutory construction. First, we must determine whether ORS 656.273(1) (1995) requires proof of a worsening of the underlying condition itself, or whether proof of a certain degree of symptomatic worsening would satisfy that statute. Second, and in a related vein, we must determine the role—if any—that worsened symptoms play in the course of proving an aggravation claim.

Our task in resolving those issues is to determine the legislature's intent when it amended ORS 656.273(1) in 1995. In doing so, we follow the template set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We first examine the text and context of the statute. *Id.* at 610-11. Context includes other related statutes and

earlier versions of the statute at issue. *Id.* at 611; *Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996). At our first level of analysis, we also consider case law interpreting the statute at issue and related statutes, including earlier versions of those statutes. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998); *Owens*, 323 Or at 435. If the legislature's intent is clear from an examination of text and context, then our inquiry is at an end. *PGE*, 317 Or at 611.

We begin by examining the wording of the phrase added to ORS 656.273(1) in 1995—"actual worsening of the compensable condition." Although not defined specifically in the Workers' Compensation Law, the term "compensable condition," as used in ORS 656.273(1) (1995), refers to the medical condition for which a worker already has been compensated. *See Stepp v. SAIF*, 304 Or 375, 380, 745 P2d 1207 (1987) (defining the phrase "worsened condition[ ] resulting from the original injury" in an earlier version of ORS 656.273(1) as "the condition resulting from the original injury that gave rise to the initial award or arrangement of compensation"). As used in the Workers' Compensation Law, the term "condition" is not the same as the symptoms that relate to the underlying condition. *See, e.g.*, ORS 656.214(7) (noting a distinction between a "condition" and its "symptoms").

Under the structure of the phrase at issue, the term "compensable condition" modifies the term "actual worsening," that is, what must "actual[ly] worsen" is the "compensable condition." As to the "actual worsening" requirement, the dictionary definition for the word "actual" provides, in part:

> "**2 a :** existing in act ‹our ‑ intentions› : EXISTENT —contrasted with *potential* and *possible* **b :** existing in fact or reality : really acted or acting or carried out—contrasted with *ideal* and *hypothetical*‹in ‑ life› ‹the ‑ conditions›: distinguished from *apparent* and *nominal* ‹the ‑ cost of goods› **3 :** not spurious : REAL, GENUINE ‹an ‑ blizzard› ‹‑ falsehood› ‹hard-pressed but not in ‑ poverty› * * * **syn** see REAL"

*Webster's Third New Int'l Dictionary*, 22 (unabridged ed 1993) (emphasis and boldface type in original). Applying that

meaning to ORS 656.273(1) (1995), an "actual worsening of the compensable condition" is one in which the underlying condition in fact has worsened, as opposed to one in which the underlying condition has not worsened.

■    The foregoing textual analysis of ORS 656.273(1) (1995) demonstrates that, to prove an aggravation claim, a worker must present evidence of a worsening of the compensable condition *itself*, not merely a worsening of the symptoms related to the underlying condition. That answers the first question before us here, that is, whether a worker can satisfy the requirements of ORS 656.273(1) (1995) by presenting evidence of worsened symptoms alone. The answer is "no."

In SAIF's view, that conclusion ends the matter, because—again, in SAIF's view—that reading of the statute precludes a worker from proving an aggravation claim by presenting evidence only that his or her symptoms have worsened, leaving it to a factfinder to infer whether that symptomatic worsening demonstrates the existence of a worsened condition. We do not agree with SAIF that this case is resolved by that latter proposition. Rather, the question for us that remains unanswered—and it is the crux of the second issue before us—is, given our reading of the "actual worsening" requirement of ORS 656.273(1) (1995), when or how, if ever, does proof of a symptomatic worsening come into play when a worker seeks an aggravation award? Stated differently, this case requires that we determine whether and to what degree a factfinder may consider evidence of worsened symptoms when determining whether a worker has presented medical evidence of an actual worsening of the compensable condition. The statutory text of ORS 656.273(1) (1995) is not helpful in that regard. We turn to the statutory context, as well as the applicable case law, to address that question.

The original version of ORS 656.273(1), enacted in 1973, provided:

"After the last award or arrangement of compensation, an injured work[er] is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

Or Laws 1973, ch 620, § 5.[3] In the years that followed the enactment of that statute, this court issued a series of decisions that laid the foundation for the "symptomatic worsening" question before us now. The first decision was *Smith v. SAIF*, 302 Or 396, 401, 730 P2d 30 (1986), in which this court held that, under the extant version of ORS 656.273(1), increased symptoms were not compensable "unless the worker suffers pain or additional disability that results in loss of the worker's ability to work and the worker thereby suffers a loss of earning capacity." The court did not hold specifically that the statute required that the underlying condition itself actually have worsened; rather, the court focused upon a change in the condition that made the worker "more disabled," that is, "less able to work." *Id.* at 399 (internal quotation marks omitted).

Next, in *Gwynn v. SAIF*, 304 Or 345, 352, 745 P2d 775 (1987), this court explained:

"Compensation is not payable under the Workers' Compensation Law for symptoms alone, but to the extent that symptoms, such as pain, dizziness, nervousness, etc., cause loss of function of the body or its parts and, in the case of unscheduled disability, resulting loss of earning capacity, the disabling effects of the symptoms are to be considered in fixing awards for disability. * * * The mere 'waxing' of a physical condition or of a symptom, whether or not anticipated, will not amount to a worsening sufficient to satisfy the requisites for a claim under ORS 656.273. But what if the waxing results in a greater disability?

"If waxing continues to the point where the worker is incapacitated from regularly performing work at a gainful and suitable occupation, * * * [i]t is logically inescapable that this is a worsening. * * *

"If waxing continues to the point where the worker's condition falls short of total disability, * * * but becomes medically stationary at an extent greater than previously awarded, this too must be a worsening, for the worker's loss of capacity to earn has been increased."

[3] ORS 656.273(1) replaced an earlier statute, ORS 656.271, that governed aggravation claims. *See* Or Laws 1973, ch 620, § 4 (repealing ORS 656.271).

(Citations omitted.) Again, the court focused upon the worker's ability to work, rather than upon a medical assessment of changes in the underlying condition. Finally, in *Perry v. SAIF*, 307 Or 654, 657, 772 P2d 418 (1989), the court clarified that the central inquiry in determining the existence of a worsened condition under the extant version of ORS 656.273(1) was "whether the symptoms such as pain have caused loss of function of the body and resulted in loss of earning capacity."

Taken together, *Smith*, *Gwynn*, and *Perry* stood for the proposition that, under an earlier version of ORS 656.273(1), evidence of worsened symptoms alone could prove an aggravation claim if the worsened symptoms resulted in a loss of bodily function such that the worker was less able to work and, consequently, suffered a loss of earning capacity. Additionally, in *Gwynn*, the court clarified that evidence of a "*mere* waxing of a physical condition *or* of a symptom, whether or not anticipated," could *not* prove an aggravation claim. 304 Or at 352 (internal quotation marks omitted; emphasis added).

In light of those three cases, the Board began analyzing aggravation claims under ORS 656.273(1) by determining, as relevant here: (1) whether a worker had suffered a worsened condition, in the form either of a worsening of the underlying condition itself *or* of an exacerbation of symptoms; (2) whether that worsening or symptomatic exacerbation had resulted in diminished earning capacity; (3) whether an earlier award of compensation had anticipated future exacerbation of the condition or of its symptoms, accompanied by diminished earning capacity; and (4) whether the worker's actual diminished earning capacity had exceeded that anticipated by the earlier arrangement or award of compensation. *See, e.g.*, *Edward D. Lucas*, 41 Van Natta 2272, 2274-75 (1989), *rev'd on other grounds by Lucas v. Clark*, 106 Or App 687, 809 P2d 712 (1991) (setting out analysis). In its opinion in *Lucas*, the Court of Appeals emphasized that, under *Gwynn*, "[i]f the last award or arrangement of compensation included consideration of anticipated future exacerbations of the condition or symptoms, the [worker] must prove that the worsening has been greater than was anticipated." *Lucas*, 106 Or App at 690. Thus was born a test of

sorts requiring an inquiry into whether a worsening of the condition *or* of its symptoms was within the range "anticipated" by an earlier award.

In 1990, the legislature enacted a series of amendments to the Workers' Compensation Law, including an amendment adding the requirement to ORS 656.273(1) that a "worsened condition" be "established by medical evidence supported by objective findings." Or Laws 1990, ch 2, § 18. Additionally, the 1990 Legislature enacted ORS 656.273(8), which has remained unchanged since its enactment and provides:

> "If the worker submits a claim for aggravation of an injury or disease for which permanent disability has been previously awarded, the worker must establish that the *worsening is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award.*"

(Emphasis added.) Thus, ORS 656.273(8) requires a worker with permanent disability—such as claimant—who seeks an aggravation award to establish that the "worsening" at issue is more than "waxing and waning of symptoms of the condition" that were "contemplated" by the earlier permanent disability award. The word "waxing," in this context, means an increase in symptoms. *See Webster's Third New Int'l Dictionary* at 2587 (defining the verb "wax," in part, as "to increase in * * * intensity * * *: * * * to grow in volume or duration"). Applying that meaning, ORS 656.273(8) speaks to an increase in symptoms beyond what was "contemplated" at the time of the original award. That reading is consistent with the body of law that grew out of *Smith, Gwynn,* and *Perry,* requiring a worker to prove either a worsening of the condition *or* of the symptoms arising out of the condition that exceeded the range anticipated by an earlier award or arrangement of compensation. It also is logical to conclude that, in light of that body of law—which allowed a worker to claim aggravation for worsened symptoms alone (resulting in the loss of earning capacity)—the legislature intended ORS 656.273(8) to clarify that a worker could not prove an aggravation claim under ORS 656.273(1) merely by presenting evidence of a symptomatic worsening that fell *within* the range anticipated by an earlier permanent disability award, but

could do so by presenting evidence of a symptomatic worsening that exceeded that amount.

After the enactment of ORS 656.273(8) in 1990, the Court of Appeals and the Board repeatedly held that a worker with permanent disability seeking an aggravation award must establish that his or her symptoms had worsened to a degree greater than that anticipated by the earlier award. *See, e.g., Nethercott v. SAIF*, 126 Or App 210, 213, 867 P2d 566 (1994) (ORS 656.273(8) requires proof that increased symptoms are more than waxing of symptoms contemplated by earlier permanent disability award); *Leroy Frank*, 43 Van Natta 1950, 1951 (1991) (ORS 656.273(8) codified requirement that symptomatic worsening be more than waxing of symptoms contemplated by earlier award). The Board, however, continued its practice of allowing a worker to establish a worsened condition by presenting either evidence of a worsening of the underlying condition itself *or* evidence of a worsening of symptoms, leaving it to a factfinder in the latter case to infer from such evidence that a worsened condition existed. *See, e.g., Lloyd G. Currie*, 45 Van Natta 492, 494 (1993) (so requiring, in addition to requiring proof of symptomatic worsening greater than anticipated by earlier award under ORS 656.273(8)); *Frank*, 43 Van Natta at 1950-51 (same). Additionally, the Board imposed the requirement set out in ORS 656.273(8) only in cases in which a worker sought to establish a worsened condition under ORS 656.273(1) by presenting medical evidence of a *symptomatic* worsening. In the Board's view, if a worker presented evidence that the underlying condition, not merely its symptoms, had worsened, then subsection (8) of ORS 656.273 did not apply. *See, e.g., Richard C. Wendler*, 47 Van Natta 87, 87 (1995) (so explaining).

In 1995, as already discussed to some extent, the legislature again enacted a series of amendments to the Workers' Compensation Law, including adding the "actual worsening of the compensable condition" wording to ORS 656.273(1). Or Laws 1995, ch 332, § 31. The 1995 Legislature also enacted ORS 656.214(7), which provides:

"All permanent disability contemplates future waxing and waning of symptoms of the condition. The results of

waxing and waning of symptoms may include, but are not limited to, loss of earning capacity, periods of temporary total or temporary partial disability, or inpatient hospitalization."

Under ORS 656.214(7), an original award of permanent disability, like claimant's, assumes that a worker's symptoms related to the compensable condition might wax or wane. That statute therefore complements ORS 656.273(8), because, together, they clarify that a worker with a prior permanent disability award who experiences only a "waxing" of symptoms associated with the underlying condition — that is, increased symptoms contemplated by the earlier award — will not qualify for an aggravation award.

■       Finally, two additional statutes also relate to our inquiry into the "symptomatic worsening" question. The first is ORS 656.273(3), which provides:

"A claim for aggravation must be in writing in a form and format prescribed by the [D]irector [of the Department of Consumer and Business Services] and signed by the worker or the worker's representative. The claim for aggravation must be accompanied by the attending physician's report *establishing by written medical evidence supported by objective findings that the claimant has suffered a worsened condition attributable to the compensable injury.*"

(Emphasis added.) Thus, to prove an aggravation claim under subsection (1) of ORS 656.273 (1995), subsection (3) requires submission of a written physician's report containing the same information required by subsection (1), that is, "medical evidence supported by objective findings" that the worker has suffered a worsened condition.

        The other contextually relevant statute is ORS 656.005(19), which sets out the definition of the term "objective findings" for purposes of the Workers' Compensation Law. That statute provides:

" 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to

physical examinations that are not reproducible, measurable or observable."

Applying that definition to ORS 656.273(1) (1995), as well as to ORS 656.273(3), a worker must prove an "actual worsening of the compensable condition" by presenting "verifiable indications of injury" that may include a worsening of symptoms, such as decreased range of motion, decreased muscle strength, or atrophy. Stated differently, ORS 656.005(19) demonstrates that, in the context of proving an aggravation claim under ORS 656.273(1) (1995), a worker's medical evidence may be supported by objective findings that demonstrate that his or her symptoms have worsened. The question, however, is how evidence of a symptomatic worsening *alone* comes into play when ORS 656.273(1) (1995) requires a worker to establish the existence of a worsened *condition*.[4]

■■   To summarize the relevant statutes, the legislature amended ORS 656.273(1) in 1995 after years of case law had held that a worker could establish a "worsened condition" by presenting evidence of a worsening of the underlying condition itself *or* of its symptoms—in the latter case, with a factfinder inferring the existence of a worsened condition from evidence of a symptomatic worsening. As its text clearly demonstrates, the 1995 version of ORS 656.273(1) requires something different: Proof, based upon medical evidence supported by objective findings, of a worsening of the underlying condition itself, not merely of its symptoms. Under ORS

---

[1] Both parties also point to ORS 656.225, which pertains to the compensability of certain preexisting conditions, as contextual support for their respective readings of ORS 656.273(1)(1995). That statute provides, in part:

"In accepted injury or occupational disease claims, disability solely caused by or medical services solely directed to a worker's preexisting condition are not compensable unless:

"(1) In occupational disease or injury claims other than those involving a preexisting mental disorder, work conditions or events constitute the major contributing cause of a *pathological worsening of the preexisting condition*.

"(2) In occupational disease or injury claims involving a preexisting mental disorder, work conditions or events constitute the major contributing cause of an *actual worsening of the preexisting condition and not just of its symptoms*."

(Emphasis added.) We have considered the parties' arguments concerning ORS 656.225, but conclude that that statute is not helpful in determining the issue before us.

656.005(19), however, such "objective findings" may *include* evidence of worsened symptoms. Additionally, ORS 656.273(8), which has remained unchanged since its enactment in 1990, continues to require—as did the case law that preceded it—that a worker with permanent disability establish that the "worsening" at issue is more than a waxing of symptoms associated with the underlying condition, that is, an increase in symptoms that exceeds the degree anticipated by the earlier award.

In view of the statutory chronology set out above, it appears that ORS 656.273(8) represented the legislature's first attempt to prevent aggravation awards based solely upon evidence of worsened symptoms—specifically, a symptomatic worsening *within* the range contemplated by an earlier award of permanent disability. As discussed, before 1995, the Court of Appeals and the Board construed that statute together with ORS 656.273(1) to allow a worker to prove an aggravation claim by presenting evidence of a symptomatic worsening that *exceeded* the range contemplated by an earlier award. The 1995 Legislature then went a step further, by amending ORS 656.273(1) to require that a "worsened condition" be established by medical evidence of an actual worsening of the underlying condition itself, rather than evidence of *any* degree of symptomatic worsening alone.

In amending ORS 656.273(1) in 1995, the legislature neither repealed nor amended ORS 656.273(8). That suggests that those two statutes continue to serve different functions. Our examination of the text and context of those statutes confirms that conclusion. ORS 656.273(8) provides that the worker's proof must consist of something more than a waxing of symptoms of the condition contemplated by the previous award. That statute serves to preclude an aggravation award if the evidence consists of only a worsening of symptoms within the contemplated range. However, the legislature's description in ORS 656.273(8) of the threshold below which no worker's proof may fall does not state the proof standard that a valid claim for aggravation must satisfy. That function is fulfilled by ORS 656.273(1) (1995).

The standards established in ORS 656.273(1) (1995) and ORS 656.273(8) do not limit the admissibility or relevance of competent evidence of worsened symptoms or their

disabling effects. As noted above, ORS 656.005(19) antici-
pates that that kind of evidence may support the "objective
findings" and "medical evidence" that ORS 656.273(1) (1995)
requires. Thus, the legislature's amendment to ORS
656.273(1) in 1995 does not affect this court's conclusion in
*Gwynn*, 304 Or at 352, that the effects of worsened symptoms
upon bodily function and earning capacity "are to be consid-
ered" in claims under ORS 656.273(1) (1995).[5]

What the 1995 amendment to ORS 656.273(1) intro-
duced was the requirement that a worker prove, through
medical evidence supported by objective findings, that the
compensable condition itself actually has worsened. In that
context, evidence of worsened symptoms, while relevant, is
not sufficient by itself to meet the proof standard created by
ORS 656.273(1) (1995). However, because evidence of wors-
ened symptoms is relevant to the question whether the com-
pensable condition actually has worsened, and might in some
cases be the best evidence regarding that fact, a physician
may rely upon that kind of evidence in determining whether
the compensable condition has worsened and in opining on
that question to the factfinder or to the Board. In other
words, the "medical evidence * * * supported by objective
findings" that is required under ORS 656.273(1) (1995) and
656.273(3) to prove an "actual worsening of the compensable
condition" may include a physician's written report com-
menting that the worker's worsened symptoms demonstrate
the existence of a worsened condition.

In sum, when considered together, the text, context,
and applicable case law surrounding the 1995 amendment to
ORS 656.273(1) clarify the legislature's intended meaning of
that statute, as well as the interplay between that statute
and ORS 656.273(8). We hold that evidence of a symptomatic
worsening that exceeds the amount of waxing anticipated by
an original permanent disability award—that is, the degree
of worsening addressed in ORS 656.273(8)—may prove an
aggravation claim under ORS 656.273(1) (1995) if, but only if,

---

[5] However, as explained above, ORS 656.214(7) now clarifies that an initial
award of permanent disability contemplates that the effects of a waxing of symp-
toms may include periods of temporary total or temporary partial disability, or loss
of earning capacity.

a physician concludes, based upon objective findings (which may incorporate the particular symptoms), that the underlying condition itself has worsened. Stated differently, in the circumstances just described, the statutory requirement set out in ORS 656.273(8) can operate together with ORS 656.273(3) and ORS 656.005(19) as a means of establishing a worsened condition under ORS 656.273(1) (1995). However, if, in a physician's medical opinion, a symptomatic worsening that exceeds the degree anticipated does *not* demonstrate the existence of an actual worsening of the underlying condition, then the worker does not qualify for an aggravation award.

■ In this case, as noted, the ALJ required claimant to prove *either* that increased symptoms *or* a worsened condition had resulted in diminished earning capacity. The ALJ then reviewed the evidence of claimant's worsened symptoms and inferred from that evidence alone that claimant's underlying condition had worsened. By affirming the ALJ's application of that legal standard, the Board erred. Accordingly, we reverse the Board's order and remand the case to the Board for further proceedings. On remand, the Board must apply the legal standard set out above to determine whether claimant has established a worsened condition under ORS 656.273(1) (1995). *See Gwynn*, 304 Or at 349 (court's function in workers' compensation cases is not to determine facts, but to clarify legal premises upon which factual determinations must be made).[6]

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.

---

[6] In addition to the question whether claimant sufficiently established the existence of a worsened condition, our review of the record discloses a discrepancy as to whether the injury that resulted in claimant's underlying compensable condition was the major contributing cause of claimant's alleged worsened condition. On remand, the Board must weigh the facts pertaining to all the elements of an aggravation claim under ORS 656.273(1) (1995)—including causation—to determine whether claimant qualifies for an aggravation award.