Argued and submitted December 13, 1999, affirmed April 19, 2000

In the Matter of the Compensation of
Ryan T. LePage, Claimant.

Ryan T. LEPAGE,
*Petitioner,*

*v.*

ROGUE VALLEY MEDICAL CENTER,
Southern Oregon Vending and
Business Insurance Co.,
*Respondents.*

(WCB 98-03638, 98-02233; CA A106615)

999 P2d 533

Robert F. Webber argued the cause for petitioner. With
him on the brief was Black, Chapman, Webber & Stevens.

Adam T. Stamper argued the cause for respondents. With him on the brief was Hornecker, Cowling, Hassen & Heysell.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (Board) denying his aggravation claim. Claimant argues that the Board erred in concluding that his treating physician's description of "microscopic changes" in his condition did not demonstrate an "actual worsening" of claimant's condition, as required by ORS 656.273(1). We affirm.

Claimant compensably injured his left foot in 1996, and his workers' compensation claim was accepted as nondisabling. In late 1997, claimant's treating physician, Dr. Sampson, declared that claimant's condition had become medically stationary. Shortly thereafter, claimant began to suffer from increased foot pain, which led Sampson to recommend that claimant reduce his work day. Claimant filed a claim for aggravation of his original injury. That claim was denied, and claimant requested a hearing before an administrative law judge (ALJ). Sampson provided the only medical opinion concerning claimant's aggravation claim, describing claimant as suffering from increased foot inflammation and pain. Although Sampson believed that the increased symptoms reflected microscopic changes in claimant's condition, he declined to characterize claimant's additional symptoms as an actual worsening. Rather, he described claimant as suffering from a symptomatic flare-up of his original condition. The ALJ found that, although claimant's condition "waxes and wanes with activity," it had not objectively worsened. The Board adopted the ALJ's findings and, based on Sampson's characterization of "claimant's 'worsened' condition as a waxing and waning of symptoms," concluded that claimant did not prove an actual worsening.

■ On judicial review, claimant first asserts that the Board erred in concluding that he did not suffer from an actual worsening. According to claimant, he demonstrated "functional and structural" changes in his condition in the form of "microscopic changes" in the tissues of his foot. Claimant argues that Sampson's opinion qualified as proof of an "actual worsening" as required to establish an aggravation under ORS 656.273(1).

The problem with claimant's evidence in this case is that his treating physician did not conclude that claimant's condition had actually worsened. Here, Sampson agreed that claimant's condition fluctuates "symptomatically" in response to claimant's activity level. He further determined, however, that claimant's underlying condition had "not changed at all." Sampson agreed with the following summary provided by employer's attorney:

> "We noted the legal significance of a reported pathological worsening ('aggravation') versus symptomatic fluctuations requiring palliative care. In this case, [claimant] has not developed any new injuries, conditions or pathological changes in the left foot. He continues to experience the same, intermittent left foot pain and related symptoms according to his level of physical activity. His condition is stationary, with a likely occasional need for some palliative treatment, as originally described [when the claim was declared medically stationary]."

Sampson reiterated that opinion in his deposition testimony. He again stated that claimant suffered from "continued waxing and waning of the symptoms that he had from before" and noted that he recommended that claimant restrict his activity because "it"—which, in context, apparently refers to the symptoms "got worse." According to Sampson, the only structural change taking place was inflamation, a microscopic change that waxed and waned with the symptoms. As Sampson described, claimant's pain was caused by "little fibers that surround the edge of this bone, [where] there is a little sack * * * that becomes inflamed" and "nerve endings in that sack * * * transmit pain." When asked if claimant's condition could be characterized as having pathologically worsened, Sampson replied that "a pathological change in a condition like this would be * * * some major event like the tendon pulled off the bone or the bone eroded or some major arthritic change[.] * * * But waxing and waning of the symptoms, I would say that's not a pathological change, that is just kind of a coming and going." Thus, according to Sampson, the microscopic changes that claimant experienced were symptomatic only and did not reflect an actual worsening of claimant's underlying condition.

ORS 656.273(1) provides, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by *medical evidence of an actual worsening of the compensable condition supported by objective findings.*"

(Emphasis added.) The Supreme Court construed that provision in its recent decision *SAIF v. Walker*, 330 Or 102, 996 P2d 979 (2000). Specifically, it reviewed at length the meaning of the legislature's requirement in ORS 656.273(1) that a "worsened condition" be established by "medical evidence of an actual worsening of the compensable condition." The court held that:

"[E]vidence of worsened symptoms, while relevant, is not sufficient by itself to meet the proof standard created by ORS 656.273(1) (1995). However, * * * a physician may rely upon that kind of evidence in determining whether the compensable condition has worsened and in opining on that question to the factfinder or to the Board. In other words, the 'medical evidence * * * supported by objective findings' that is required under ORS 656.273(1) (1995) and ORS 656.273(3) to prove an 'actual worsening of the compensable condition' may include a physician's written report commenting that the worker's worsened symptoms demonstrate the existence of a worsened condition."

*Id.* at 118.

Thus, the court concluded that evidence of a symptomatic worsening by itself does not permit a factfinder to infer an "actual worsening" under ORS 656.273(1). Rather, there must be medical evidence—*e.g.*, a physician's medical opinion—establishing that the worsened symptoms demonstrate the existence of a worsened condition. Thus, as the court explicitly acknowledged in *Walker*, "if, in a physician's medical opinion, a symptomatic worsening does *not* demonstrate the existence of an actual worsening of the underlying condition, then the worker does not qualify for an aggravation claim." *Id.* at 119 (emphasis in original). Here, the only medical evidence was Sampson's opinion that there was no actual worsening. Accordingly, the Board correctly concluded

that claimant did not satisfy his burden to demonstrate an aggravation.

■ Claimant also argues that, even if the evidence establishes only a worsening in the form of waxing and waning of symptoms, such a worsening establishes an aggravation where the claimant has not received a permanent disability award. Claimant relies on ORS 656.273(8), which expressly provides that, to prove an aggravation of a permanently disabling claim, a worker must establish "more than waxing and waning of symptoms." That is so because, under ORS 656.214(7), a permanent disability award "contemplates future waxing and waning of symptoms of the condition." Together, those provisions clarify that a worker who has received a prior permanent disability award and who experiences only a "waxing" of symptoms relating to the underlying condition will not qualify for an aggravation award. *See generally Walker*, 330 Or at 114-15 (discussing interplay of ORS 656.214(7) and ORS 656.273(1) and (8)). Conversely, then, according to claimant, where a worker has not been awarded permanent disability, "to the extent that claimant suffered a flare up of symptoms that significantly restricted his pre-injury ability to work and made him worse than he was prior to his claimed aggravating event, claimant has suffered a worsening."

There are several problems with claimant's position. First, the "actual worsening" requirement of ORS 656.273(1) applies both to disabling and nondisabling conditions. *See* ORS 656.273(4)(a) (time limits for filing aggravation claim for disabling condition); ORS 656.273(4)(b) (same for nondisabling condition). In *Walker*, the court construed that phrase to require more than evidence of worsened symptoms. Claimant's position, therefore, would require us to give a single statutory standard two different and inconsistent meanings. There is no logical or legally principled way to do that. We cannot, in the guise of judicial interpretation, interfere with the statute's plain application to all aggravation claims.

Second, as the court explained in *Walker*, ORS 656.273(8) and ORS 656.273(1) serve "different functions":

"ORS 656.273(8) provides that the worker's proof must consist of something more than a waxing of symptoms of the

> condition contemplated by the previous award. That statute serves to preclude an aggravation award if the evidence consists of only a worsening of symptoms within the contemplated range. However, the legislature's description in ORS 656.273(8) of the threshold below which no worker's proof may fall does not state the proof standard that a valid claim for aggravation must satisfy. That function is fulfilled by ORS 656.273(1) (1995)."

330 Or at 117. In other words, all aggravation claims, for disabling and nondisabling injuries alike, must satisfy the "actual worsening" standard. In addition, where the original compensable condition is disabling, the claimant further must establish that, to the extent the actual worsening is established by a symptomatic worsening, the waxing of symptoms must be more than that contemplated by the previous award. The fact that a second hurdle exists for a disabling injury is not a basis to lower the first and only hurdle for a nondisabling injury. In short, ORS 656.273(8) simply has no relevance here.

In addition, claimant's position overlooks ORS 656.245(1)(c)(L). Under that statute, a claimant who suffers from "a temporary and acute waxing and waning of symptoms" is entitled to "[c]urative care" for the treatment of those symptoms (*i.e.*, medical expenses for an otherwise medically stationary condition). *See also SAIF v. January*, 166 Or App 620, 998 P2d 1286 (2000). If claimant were correct that waxing and waning of symptoms, without more, could establish an aggravation for a nondisabling injury, claimant would be entitled to time loss benefits and a reevaluation of permanent disability, in addition to medical expenses. Claimant's position thus would largely nullify the provisions of ORS 656.245(1)(c)(L), or at least eclipse them, because the curative care benefit for temporary waxing and waning of symptoms would be redundant.

Finally, the fact that claimant is less able to work due to his symptomatic worsening does not provide a basis for an aggravation claim in this case, either. To be sure, *Walker* suggests that a physician may consider the disabling effects of worsened symptoms in forming an opinion as to whether the worker's condition has actually worsened. *See Walker,* 330 Or at 118 (citing *Gwynn v. SAIF*, 304 Or 345,

352, 745 P2d 775 (1987)). However, *Walker* makes clear that the Board cannot infer an actual worsening from evidence of worsened symptoms, even if those symptoms result in a loss of earning capacity. Any inferences that can be drawn from such evidence must be drawn by the physician, not the fact-finder.

In sum, the Board did not err in denying claimant's aggravation claim. Contrary to claimant's position, Sampson's medical opinion did not suffice to establish an actual worsening of claimant's condition. Nor does the fact that claimant did not receive a permanent disability award for his original compensable condition mean that he can establish an aggravation on a showing of waxing and waning of symptoms.

Affirmed.