Argued and submitted July 9, reversed and remanded for reconsideration
August 25, 2004

In the Matter of the Compensation of
Anna L. Johnson, Claimant.

Anna L. JOHNSON,
*Petitioner,*

*v.*

SAIF CORPORATION
and the Board of Forestry,
*Respondents.*

02-04517; A121862

96 P3d 830

James L. Edmunson argued the cause for petitioner. With him on the brief was Cary, Wing, Bloom & Edmunson, P.C.

David L. Runner, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder, Judge, and Rosenblum, Judge pro tempore.

LINDER, J.

**LINDER, J.**

Claimant seeks review of an order of the Workers' Compensation Board (board) that upheld SAIF's denial of her aggravation claim. We agree with claimant that the board applied an incorrect legal standard in concluding that claimant's medical evidence was legally insufficient to establish an actual worsening of her compensable condition. We therefore reverse and remand for further proceedings.

Claimant suffered a compensable injury to her low back in 1999 and, as a result, underwent surgery for a disc herniation at L5-S1. After the surgery, she complained of increased pain and symptoms. MRIs revealed scar tissue formation but no recurrent disc herniation. Eventually, her claim was closed with an award of scheduled and unscheduled permanent disability. After closure, claimant complained of more pain, urinary incontinence, and difficulty walking. New MRIs showed physical changes in her low back and she was diagnosed as having a recurring herniated disc at L5-S1, which eventually resulted in further surgery. Meanwhile, claimant filed a claim for aggravation, which SAIF denied. Claimant challenged the denial and, after a hearing, an administrative law judge (ALJ) set aside the denial.

SAIF appealed to the board. The board reversed the ALJ's order and upheld SAIF's denial. In doing so, the board concluded that claimant's evidence of an aggravation was legally inadequate because no medical expert expressly stated that the pathological changes in claimant's low back showed an actual worsening of her compensable condition. The board reasoned:

> "To establish a compensable aggravation claim, claimant must prove an 'actual worsening' of her compensable condition since the last arrangement of compensation. ORS 656.273(1). Evidence of a symptomatic worsening may prove an aggravation claim if, but only if, a physician concludes, based on objective findings (which may incorporate the claimant's symptoms), that the underlying condition has worsened. *SAIF v. Walker*, 330 Or 102, 118-19[, 996 P2d 979] (2000); *SAIF v. January*, 166 Or App 620, 624[, 998 P2d 1286] (2000) (if medical evidence—*i.e.*, a physician's

expert opinion—establishes that the symptomatic worsening represents an actual worsening of the underlying condition, then such evidence may carry the worker's burden). In other words, if a persuasive medical expert's opinion establishes that an increase of symptoms signifies an actual worsening of a particular compensable condition, then the actual worsening standard of ORS 656.273 is satisfied. *See LePage v. Rogue Valley Medical Center*, 166 Or App 627, 631[, 999 P2d 533] (2000); *Ronald S. Miller*, 52 Van Natta 1262, 1263 (2000)."

With that understanding of the legal standard for establishing an aggravation, the board examined claimant's medical evidence:

"Based on our examination of the evidence, we find that the applicable legal standard was not met. MRIs showed a build up of scar tissue, the existence of a previously undetected disc fragment, a conjoined nerve root, reduced disc height, and increased disc bulge. In addition, claimant underwent additional surgery. Nevertheless, no physician stated that any worsening of symptoms reflected an 'actual worsening' of the accepted lumbar condition. *Claimant may be correct that the MRI and surgical findings prove the existence of changes in the spinal pathology. However, no medical expert placed these results in the context of a worsening of claimant's lumbar condition. Accordingly, there is insufficient medical support for the aggravation claim.*"

(Emphasis added; citations to exhibits omitted.)

In challenging the board's order, claimant argues that the board failed to properly distinguish between pathological and symptomatic evidence of a worsening. According to claimant, the analysis in *Walker*, 330 Or at 118-19, is limited to cases in which the evidence of the worsening is symptomatic. SAIF, in response, does not directly disagree. SAIF does urge, however, that claimant's condition was medically complex, with competing and countervailing evidence as to whether the pathological changes in claimant's condition in fact demonstrated a worsening of her accepted condition. According to SAIF, the board therefore was entitled to require a medical opinion expressly stating that the pathological changes were attributable to an actual worsening of claimant's accepted condition.

We begin with whether the board applied the correct legal standard in upholding SAIF's denial. In *Walker*, the issue was whether the legal standard for an aggravation under ORS 656.273(1) requires a "worsened condition" to be established by "medical evidence of an actual worsening of the compensable condition."[1] The claimant in that case had filed an aggravation claim based on an asserted worsening of his previously accepted low back condition. An ALJ concluded that the claimant had adequately proved an aggravation based on evidence that the claimant's symptoms had increased beyond the waxing and waning anticipated in the award of permanent disability. The employer appealed to the board, and the board agreed with the ALJ. The employer then sought judicial review by this court. *SAIF v. Walker*, 145 Or App 294, 296-98, 930 P2d 230 (1996). We concluded that the claimant's medical evidence was legally inadequate to satisfy the "actual worsening" standard. More specifically, we held that an increase in symptoms was not adequate under the statute and that, instead, "proof of a pathological worsening" was required. *Walker*, 145 Or App at 305.

On review, the Oregon Supreme Court divided the issue into two questions. The first was whether ORS 656.273(1) "requires proof of a worsening of the underlying condition itself, or whether proof of a certain degree of symptomatic worsening would satisfy that statute." *Walker*, 330 Or at 108. The second question focused on "the role—if any—that worsened symptoms play in the course of proving an aggravation claim." *Id*. The court answered the first question by holding that the statute requires proof of a "worsening of the compensable condition *itself*, not merely a worsening of the symptoms related to the underlying condition." *Id*. at 110 (emphasis in original). In answer to the second question, the court held that

"evidence of *worsened symptoms*, while relevant, is not sufficient by itself to meet the proof standard created by ORS

---

[1] ORS 656.273(1) provides, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence of an actual worsening of the compensable condition supported by objective findings."

656.273(1) (1995). However, * * * a physician may rely upon *that kind of evidence* in determining whether the compensable condition has worsened and in opining on that question to the factfinder or to the Board. In other words, the 'medical evidence * * * supported by objective findings' that is required under ORS 656.273(1) (1995) and 656.273(3) to prove an 'actual worsening of the compensable condition' may include a physician's written report commenting that the worker's *worsened symptoms* demonstrate the existence of a worsened condition."

*Id.* at 118 (emphasis added).

Thus, the court in *Walker* held that evidence of a symptomatic worsening by itself does not permit a factfinder to infer an "actual worsening" under ORS 656.273(1). Rather, there must be *medical evidence—e.g.*, a physician's medical opinion—that the worsened symptoms demonstrate the existence of a worsened condition. As the court explicitly acknowledged, "if, in a physician's medical opinion, a symptomatic worsening * * * does *not* demonstrate the existence of an actual worsening of the underlying condition, then the worker does not qualify for an aggravation award." *Id.* at 119 (emphasis in original).

In contrast to *Walker*, claimant in this case did not rely primarily or exclusively on evidence of a *symptomatic* worsening of her condition. To be sure, claimant complained to her physicians of an increase in symptoms, such as her urinary incontinence and difficulty walking. But that was not the sum of her evidence. Rather, those complaints led to MRIs that revealed pathological changes in the L5-S1 area. As the earlier-quoted portion of the board's opinion recounts, claimant presented evidence that "MRIs showed a build up of scar tissue, the existence of a previously undetected disc fragment, a conjoined nerve root, reduced disc height, and increased disc bulge." And "claimant underwent additional surgery." All of that was evidence of pathological, not symptomatic, changes.

For that reason, the legal standard articulated in *Walker* does not apply. *Walker* was directed specifically—and only—to the issue of whether and under what circumstances

proof of symptomatic worsening is legally adequate to establish an aggravation under ORS 656.273(1). The court held only that a symptomatic worsening may meet the proof standard for an aggravation if a medical expert concludes that the "symptoms demonstrate the existence of a worsened condition." *Walker*, 330 Or at 118. The court did not purport to impose the same requirement for evidence of a pathological worsening. We see nothing in the court's rationale in *Walker*—and the board pointed to nothing—that logically compels extending the court's holding to such evidence. We therefore conclude that the board articulated and applied the wrong legal standard.

SAIF nevertheless urges us to affirm the board's order on what amounts to an alternative ground. SAIF argues that, in this particular case, the nature of claimant's current condition presented a complex medical question. SAIF therefore urges that the board was entitled to find claimant's evidence unpersuasive in the absence of an expert medical opinion expressly attributing the pathological changes to an actual worsening of claimant's accepted condition. *See Uris v. Compensation Department*, 247 Or 420, 424, 427 P2d 753 (1967) ("where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons" (internal citation omitted)); *Kassahn v. Publishers Paper Co.*, 76 Or App 105, 109, 708 P2d 626 (1985), *rev den*, 300 Or 546 (1986) (board correctly concluded that complex medical questions must be answered through expert medical opinion in the context of an aggravation claim).

The problem with SAIF's reliance on that analysis is that it does not reflect the board's reasoning. The board expressly determined that the applicable "legal standard" was not met in this case. For that, it relied on *Walker* and other cases involving evidence of symptomatic worsening. The board did not reason that the complexity of claimant's condition was such that, without an express medical opinion attributing the pathological changes to an actual worsening of claimant's compensable condition, the evidence supporting claimant's aggravation claim was *unpersuasive*. SAIF cites

and discusses evidence in the record that, it asserts, demonstrates the complexity of claimant's current condition and the fact that claimant's "medical picture" was complicated by "extensive evidence of a strong psychological component to her symptoms." But the board neither recited nor discussed much of that evidence. Ultimately, the board may agree or disagree with SAIF's view of the persuasiveness of the evidence without an express medical opinion attributing the evidence of pathological changes to an actual worsening of claimant's accepted condition. But "[t]hat is for the Board to decide in the first instance on remand." *Medford Corp. v. Smith*, 110 Or App 486, 489, 823 P2d 441 (1992).

Reversed and remanded for reconsideration.