Argued and submitted March 27, affirmed July 19, 2006

In the Matter of the Compensation of
Kerry J. Parker, Claimant.

MERLE WEST MEDICAL CENTER
and Health Future, LLC.,
*Petitioners,*

*v.*

Kerry J. PARKER,
*Respondent.*

03-02035; A128182

139 P3d 976

Benjamin M. Bloom argued the cause for petitioners. With him on the briefs was Hornecker, Cowling, Hassen & Heysell, LLP.

Martin McKeown argued the cause for respondent. On the brief were Juliana E. Coons and Martin J. McKeown, P.C.

Before Landau, Presiding Judge, and Schuman and Rosenblum, Judges.

ROSENBLUM, J.

**ROSENBLUM, J.**

In this workers' compensation case, employer seeks review of an order of the Workers' Compensation Board that affirmed an order of the administrative law judge (ALJ) allowing claimant's aggravation claim. Employer contends that the ALJ's finding that claimant's condition had worsened was not supported by "medical evidence of an actual worsening of the compensable condition supported by objective findings," as required by ORS 656.273(1). We affirm.

Claimant, a housekeeper, has carpal tunnel syndrome in both hands and wrists. She was first diagnosed in 1999, when she complained to her doctor of pain, numbness, and reduced grip strength in both her hands and wrists that occurred when she performed her regular work duties. Based on her doctor's diagnosis, employer accepted her claim for bilateral carpal tunnel syndrome, and claimant underwent surgery for her condition. Claimant's doctor continued to monitor her condition after the surgery and performed several tests to measure her grip strength. The tests revealed that claimant's grip strength was improving, and the doctor returned her to her regular work duties. Her claim was closed in 2000.

Over the next few years, claimant's right hand improved, but her left hand and wrist continued to be painful and tender, and claimant had trouble using them in her work. She returned to her doctor in 2003, at which time he noted that, although she had a good result with her right hand, she had only incomplete relief in her left, and her symptoms of pain, numbness, and reduced grip strength in the left hand and wrist had increased.

Although the doctor identified several possible medical reasons that could explain why claimant's carpal tunnel syndrome—and, by extension, her symptoms—had worsened, he was uncertain about what precisely was causing her condition to get worse. Nevertheless, the doctor concluded—based on claimant's reports of her symptoms together with his medical knowledge about what *could* cause such symptoms—that claimant's condition had, in fact, worsened. He

recommended additional surgery to discern the cause of the worsening.

■　Not satisfied with the doctor's opinion that claimant's condition had worsened, employer denied her aggravation claim. The ALJ set aside that denial, the board affirmed, and employer appeals. Employer argues that claimant presented no "medical evidence of an actual worsening of the compensable condition supported by objective findings" within the meaning of ORS 656.273(1). Indeed, it contends that there is no "medical evidence" at all that claimant's condition worsened because, according to employer, the doctor did not offer a medical opinion that her condition worsened and, instead, in a letter to employer, stated that the "worsening is of a subjective nature."

We do not share employer's view. Although the doctor stated that "I think the reason she is materially worse is that her symptoms have actually progressed and she is more painful than she was before and her material worsening is of a subjective nature," he also stated in a different letter that "I do believe she has had a material worsening on the left side since her claim was closed and it is now to the point where it makes it extremely difficult for her to perform her work and may make that impossible." Considering both of the doctor's statements together, it seems to us that he reached a medical opinion that claimant's condition had worsened and that the basis for his opinion was that her symptoms, which were subjective in nature, had worsened. That opinion constitutes medical evidence that claimant's condition had worsened. *See SAIF v. Walker*, 330 Or 102, 118, 996 P2d 979 (2000) (medical evidence supported by objective findings may include a physician's written report commenting that the worker's worsened symptoms demonstrate the existence of a worsened condition).

■　Employer next argues that the doctor's opinion was not supported by "objective findings" within the meaning of ORS 656.273 because his opinion was based on claimant's own reports of her subjective symptoms and such reports cannot constitute "objective findings." We disagree.

ORS 656.005(19) defines "objective findings" as follows:

" 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

Under that definition, a doctor may rely on a claimant's subjective symptoms, so long as those symptoms are verifiable. The statute specifies that symptoms such as range of motion, atrophy, muscle strength, and palpable muscle spasm are verifiable. In addition, although the definition excludes "subjective responses to physical examinations that are not reproducible, measurable or observable," the Supreme Court has held that it includes physical findings and subjective responses to physical exams that *are* either reproducible, measurable, or observable. *SAIF v. Lewis*, 335 Or 92, 99, 58 P3d 814 (2002). The court also held that, where a doctor bases a medical opinion on a patient's symptoms, the doctor need not personally reproduce, measure, or observe those symptoms. Instead, the doctor may rely on, among other things, self-reports of symptoms, so long as those symptoms are capable of being verified. *Id.* at 98, 100.

For example, in *Lewis*, the claimant reported to his doctor that, at his worksite, he had developed irritated eyes and sinus congestion and had produced bright yellow phlegm and sputum. But he had improved by the time he saw the doctor. Based on the claimant's reporting of his symptoms, the doctor opined that the claimant's work exposure caused his symptoms. The Supreme Court held that the doctor's opinion was supported by objective findings because the claimant's symptoms were capable of being observed. *Id.* at 102.

Likewise, in *SAIF v. Drury*, 202 Or App 14, 121 P3d 664 (2005), we held that a claimant's self-reports of his subjective physical sensations may constitute objective findings to support a medical opinion. In *Drury*, a doctor concluded that the claimant suffered from cold intolerance based on the claimant's reports of cold sensitivity when the temperature fell below 40 to 50 degrees. *Id.* at 25. The doctor's opinion was based on the claimant's reports of his cold sensitivity and the

doctor's knowledge that intolerance to cold "commonly follows a nerve injury and generally is a sympathetic mediated response due to the nerve injury which sometimes is seen after a nerve injury caused by carpal tunnel syndrome." We held that the opinion constituted medical evidence supported by objective findings. *Id.* at 26.

■        In sum, the definition of objective findings includes a claimant's self-reported symptoms so long as those symptoms are either reproducible, measurable, or observable. Such symptoms are "verifiable indications of disease or injury" within the meaning of ORS 656.005(19), and a doctor may properly rely on a patient's report of such symptoms in forming a medical opinion.

The doctor in this case relied on claimant's own reports of her symptoms in forming his medical opinion that her condition had worsened. Those reported symptoms included both pain and numbness when claimant performed her regular work duties, as well as reduced grip strength. We need not decide whether claimant's pain and numbness are either reproducible, measurable, or observable, because claimant's reduced grip strength is a "verifiable indication of disease" within the meaning of ORS 656.005(19). *See id.* ("'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include * * * muscle strength * * *."); *see also Lewis*, 335 Or at 98 (observing that the examples of conditions listed in the first sentence of ORS 656.005(19) are each capable of being verified). Claimant's reduced grip strength is "verifiable" within the meaning of the statute because, when it occurred, it was capable of being measured. After her original surgery, claimant's doctor administered tests that measured claimant's grip strength.[1] Although there is no evidence that the doctor measured claimant's grip strength again in 2003 before concluding that her condition had worsened, that is not required under the statute. All that is required is that the claimant's symptoms be *capable* of being verified; the doctor need not actually verify the symptoms by reproducing, measuring, or observing them. *Id.* at 98, 100. The fact that claimant had

---

[1] Grip-strength tests are administered using a hand-held dynamometer, which measures force in terms of Newtons and kilograms.

previously undergone tests that measured her grip strength demonstrates that her grip strength can be measured. Thus, her reports of reduced grip strength are "verifiable indication[s] of disease or injury" that constitute objective findings that can support medical evidence of an actual worsening.

Affirmed.